## BEDSER v. HORTON MOTOR LINES, Inc.
### No. 4781.

Circuit Court of Appeals, Fourth Circuit.

Aug. 26, 1941.

. Thomas A. Williams, of Richmond, Va. (L. C. O'Connor and R. Houston Brett, both of Richmond, Va., on the brief), for appellant.

William M. Blackwell and Leith S. Bremner, both of Richmond, Va. (Oscar L. Shewmake, of Richmond, Va., on the brief), for appellee.

Before SOPER, DOBIE and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action instituted in January, 1940, by the appellant, John Lee Bedser, here referred to as the plaintiff, in the District Court of the United States for the Eastern District of Virginia, at Richmond, against the appellee, Horton Motor Lines, Incorporated, here referred to as the defendant. The object of the action was to recover damages for personal injuries alleged to have been suffered by plaintiff through being struck by a truck operated by the defendant.

The defendant filed an answer to the complaint denying any liability for plaintiff's injuries and asserting that a settlement had been made and that plaintiff had executed a release in full for all claims against the defendant. The plaintiff replied to the answer claiming that the release had been secured by fraud, imposition, duress and undue influence and was therefore invalid.

Over plaintiff's objection the court below granted defendant's motion for a separate trial on the issue of the validity of the release.

In April, 1940, a trial was had before a jury and evidence was taken on behalf of both parties. The jury returned a verdict in favor of the defendant. The plaintiff then moved the court to set aside the verdict, which motion was denied in December, 1940, and judgment was entered for the defendant with costs. From this action this appeal was brought.

The injury to the plaintiff occurred on October 25, 1939, on a paved highway known as Route No. 360, in Amelia County, Virginia, when he was struck by a tractor trailer truck owned and operated by the defendant. After the accident he was taken to the Memorial Hospital in Richmond, Virginia, where he remained until December 9, following, when he was discharged while yet in a bad condition. Plaintiff was fifty-one years of age, of low mentality and lived alone on a small farm.

The day after the accident he was visited at the hospital by one Peters who was claims examiner for an insurance company that had issued an indemnity policy to the defendant. Peters was also a lawyer. After a number of visits to the plaintiff, Peters finally secured a settlement from him and the plaintiff signed a release in full of all claims against the defendant. The amount paid was $992; $350 paid to the doctor, $242 paid to the hospital and $400 to the plaintiff. The $400 draft given the plaintiff has never been cashed by him, the doctor refunded him $50.

During the negotiations between Peters and the plaintiff the doctor and an officer of the hospital were present on occasions but the plaintiff never had the advice of a lawyer.

Two points are raised on behalf of the plaintiff on this appeal; First, that the trial judge committed error in allowing a separate trial on the issue of the validity of the release; second, that there was error in the trial.

On the first point we are of the opinion that the granting of a motion for separate trial, under the circumstances here, was a matter within the sound discretion of the trial judge and that in this case there was no abuse of discretion. Rule 42(b) of the Federal Rules of Civil Procedure is as follows:

"Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." 28 U.S.C.A. following section 723c.

The rule is a wholesome one and there is here no reason for disapproving the action of the judge in exercising his power under it. In any view of the case the plaintiff was in no way prejudiced by the separate trial.

A number of grounds were alleged as error in the trial; among them the refusal to admit certain evidence offered on behalf of the plaintiff and the refusal to grant certain instructions offered by the plaintiff. It is further urged that there was error in the charge to the jury.

At the trial evidence was offered as to the extent of plaintiff's injuries as bearing on the adequacy of the settlement; the judge refused to allow the introduction of this evidence and in this we think he was in error. Certainly it would have a definite bearing on the question of fraud, imposition or undue influence.

There is, in our opinion, more serious error in the judge's charge to the jury and in his refusal to charge as requested by the plaintiff on the question of the proof being limited to the bare question of fraud, excluding all questions as to imposition, undue influence and the plaintiff's mental capacity.

Taking the circumstances as narrated by the defendant's witnesses, alone, we think a picture is presented that is not calculated to appeal to a court of justice. The plaintiff, severely injured, alone in a hospital was visited by the claims examiner for the insurance company who repeatedly told him that he had no claim against the defendant; that he (the examiner) had interviewed the witnesses to the accident and that in his (the examiner's) opinion plaintiff could not recover in a law suit but some payment might be made as a compromise.

The physician at the hospital who was treating the injured man also talked with him about settling and when the plaintiff asked about getting a lawyer to represent him gave him the names of three lawyers, but, at the same time warned him that a lawyer would have to be paid. An official connected with the hospital also talked to the plaintiff about settling his claim and was present when the release in question was signed.

The doctor got $350 and the hospital $242 of the amount agreed on, leaving $400 for the plaintiff. The payment was made by drafts payable to the doctor, the hospital and the plaintiff.

The trial judge in his charge to the jury limited the issue to fraud alone, excluding imposition, undue influence or duress. On this point the charge was as follows:

"The release which has been signed by the plaintiff and introduced in the evidence is presumed to have been obtained under proper circumstances and to be valid, and the burden is upon the plaintiff in order to recover a verdict in his favor to prove by clear and convincing evidence that the said release was procured from him through fraud."

\*　\*　\*　\*　\*

"In order for the jury to conclude that the release which has been introduced in the evidence in this case was procured by fraud, it is necessary that they should believe that the agents of the American Fidelity and Casualty Company, Inc., in which company the defendant was insured, for the purpose of procuring said release, made a material representation of an existing fact, that such representation was false, that when it was made the person making it knew it to be false or made it recklessly without knowledge of its truth as a positive assertion, that it was made with intent that it should be acted upon by the plaintiff, and that the plaintiff did act in reliance upon it to his disadvantage. If the jury believes that all of these elements of fraud have been proved, then they should conclude that the said release was procured by fraud and should find for the plaintiff; if not, they should conclude that the said release was not procured by fraud and should find for the defendant."

Among other instructions asked for on behalf of the plaintiff, and denied by the court, were the following:

Instruction No. 1.

"The Court instructs the jury that if you find from the evidence in this case that the release in question was obtained by fraud or imposition used on the plaintiff, then said release is invalid and of no effect and you should find for the plaintiff, and in considering whether or not fraud or imposition was used, you should take into consideration all of the circumstances surrounding the parties, such as their experience or lack of experience in such matters, their intelligence or lack of intelligence, the physical and mental condition of the parties, the truth or falsity of any statement made to induce the execution of the alleged release and the adequacy or inadequacy, if any, in the amount paid".

Instruction No. 4.

"The Court instructs the jury that if you believe from the evidence that the defendant, by and through one, Peters, and any one else in collaboration with him, imposed their will or wills upon the plaintiff so that his mind was overpowered and he became so confused and worried so as to be deprived of proper judgment and while in that condition of mind executed the release in question, the Court tells you that the plaintiff acted under coercion, then he is not bound by the release and you must so find."

We are of the opinion that in thus limiting the issue the Court committed harmful error. The decisions of the Supreme Court of Appeals of Virginia have expressly held that fraud or imposition invalidates a release of this character. In Flowers v. Virginian Ry. Co., 135 Va. 367, 116 S.E. 672, 676, the court said: "\* \* \* The court instructed the jury that the release was a bar to recovery, unless they should believe from the evidence that it was procured by fraud or imposition. In our opinion the evidence was sufficient to take this question to the jury, and, if that be true, the instruction was correct, and the finding of the jury thereon ought to stand."

While it is true that this case involved an accident occurring in West Virginia the Virginia Court was deciding the law as it held it to be. Furthermore, this case was cited with approval in Stallard v. Atlantic Greyhound Lines, 169 Va. 223, 192 S.E. 800. See, Also, Pacific Mutual Life Ins. Co. v. Webb, 8 Cir., 157 F. 155, 13 Ann.Cas. 753.

In the case of Order of United Commercial Travelers of America v. McAdam, 8 Cir., 125 F. 358, 369, will be found a discussion of the point here involved, there the Court said:

"It would not alter the conclusion at which we have arrived, namely, that the release in question ought not to be upheld, even if it were conceded that, when the appellant's agents represented to the appellee that she had no claim against the order, they supposed the statement to be true. In point of fact, it was not true. She did have a valid claim against the order in the sum of $6,300, and it cannot be permitted to profit by a false representation made by its agents, on which the appellee confidently relied, although it was unwittingly made. The manner in which the release was obtained, and the conduct of the appellant's agents on that occasion, preclude such a result. They did not lay before Mrs. McAdam all the facts on which her right to indemnity depended, with

which facts they must be presumed to have been acquainted, and, after stating their own view of her rights in the premises, request her to seek competent legal advice, which they must have known that she needed badly, before acting on the proposition to accept $1,000 in discharge of all claims. On the contrary, they referred her for advice to one of their own number, a member of the order, in whom, as they well knew, she had great confidence, and whose advice would doubtless control her action, who merely confirmed the statement of his associates."

The question of the adequacy of the consideration given for the release is undoubtedly a material one. E. I. Du Pont de Nemours & Co. v. Kelly, 4 Cir., 252 F. 523; Parrott v. Atchison, T. & S. F. R. Co., 111 Kan. 375, 207 P. 777; Coral Ridge Clay Products Co. v. Collins, 181 Ky. 818, 205 S.W. 958.

Instructions numbered 1 and 4 correctly give the law as we understand it to be and the trial court was in error in refusing them, as well as in limiting the proof strictly to the question of fraud alone.

The judgment of the court below is reversed and the cause remanded with directions to the judge below to set aside the verdict of the jury and grant the plaintiff a new trial on the issue of the validity of the release.

Reversed.

Arthur W. Green and Messrs. Grainger & Hunt, all of Los Angeles, Cal., for appellant.

Thomas F. McCue, of Los Angeles, Cal., for appellee Anna Baumann.

C. H. Scharnikow, of Los Angeles, Cal., for appellee Lane Mortgage Co.

William J. Clark, of Los Angeles, Cal., for appellee Maud E. Lane.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.