**FLEISCHMAN et al. v. HARWOOD.**

United States District Court
S. D. New York.
March 7, 1950.

Raphael & Conlin, New York City, for defendant (Sidney O. Raphael, New York City, of counsel), for motion.

Solomon B. Terkeltaub, New York City, for plaintiffs, in opposition.

---

1. Act of July 1, 1898, c. 541, § 1 et seq., 30 Stat. 544, as amended, 11 U.S.C.A. § 1 et seq.

**140**

KENNEDY, District Judge.

Plaintiffs, husband and wife, residents of the State of New Jersey, are suing defendant Harwood, a New York resident physician, for damages in the sum of $115,000 [1] allegedly resulting from defendant's malpractice in performing a tonsilectomy upon the plaintiff wife. In his answer defendant sets up as a separate and complete defense a general release signed by plaintiff wife.

Defendant now moves for an order praying for a separate trial on the issue of the release and also for a stay of the action until the trial of that issue.

Defendant urges that it has brought itself within rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A. in that a separate trial will be in "furtherance of convenience" and will "avoid prejudice". He argues that the release is a complete bar to the wife's claim [2] and further that it will be "utterly impossible in the face of common experience to gain fair consideration by a jury on the quesion of a general release when it is merged with the over-all consideration of the question of the plaintiff's recovery for the serious injuries".

On the latter point I cannot bring myself to believe that a jury cannot fairly determine that issue along with the other issues in the case.

■■ It will be noted that plaintiff husband is not a party to the release agreement. Assuming that the release would be a complete bar to the wife's claim, it would in no way estop plaintiff husband from proceeding with his claim. To determine that claim it will be necessary for the court to hear proof on the question whether defendant was or was not guilty of malpractice. In other words, the proof will be the same whether plaintiff wife is or is not a party. Therefore, nothing will be accomplished, except perhaps undue delay, if this motion is granted.

The motion is denied.

---

1. Plaintiff husband sues for $15,000 for loss of services and for medical expenses.

2. Defendant seems to say that if it be held that the release bars the wife's claim, the probability of any recovery by the husband will be negligible and if the claim doesn't fall of its own weight; it could be settled for a nominal amount.