## THORLA v. LOUISIANA MIDLAND RY. CO.
### Civ. No. 2461.

United States District Court
W. D. Louisiana, Alexandria Division.
June 2, 1950.

Cameron C. Minard, Columbia, La., attorney for plaintiff.

Gravel & Downs, Alexandria, La., attorneys for defendant.

PORTERIE, District Judge.

On August 14, 1948, plaintiff, a citizen of Louisiana, filed this action against defendant, a Louisiana corporation, under the Federal Employers' Liability Act, 45 U. S.C.A. § 51 et seq., claiming damages in the sum of $40,000.00.

The complaint alleges plaintiff to have been employed as a brakeman with defendant and that while making a "flying switch" he was injured, which injury later manifested itself to be a fractured elbow which later became stiff, a sprained ankle giving continued pain and recurrent swelling, and traumatic arthritis of the lumbosacral area.

The complaint further alleges that plaintiff was induced "through the false and fraudelent [sic] representations of his employer [defendant] and his employer's representatives" and through "error" to sign a release for the consideration of $65.00. This written release is quoted in the complaint in full.

The complaint prays for judgment "* * * setting aside the release heretofore entered into by the parties * * *" and for damages allegedly resulting from the negligence of defendant's employee, the engineer operating the locomotive used in the making of the "flying switch" when plaintiff was allegedly injured.

On September 7, 1948, defendant moved the Court to dismiss the complaint for failure to state a claim upon which relief could be granted, and on the same day answered the complaint.

On May 12, 1949, the Court overruled this motion to dismiss, filed by the defendant.

On January 25, 1950, a hearing was had on defendant's objection to a jury trial on the issue of setting aside the release allegedly entered into by and between plaintiff and defendant, prior to plaintiff's return to work with defendant. Defendant contends this prayer of plaintiff to be one for equitable relief, admitting that the prayer for damages is that of an action at law and asserts that the trial of the legal issue should be postponed until the equitable issue is disposed of by the Court alone without the intervention of a jury. Plaintiff's complaint requests a jury.

Thus we are confronted with the question of whether or not a civil action for personal injuries coupled with a prayer that plaintiff's release of defendant from said damages be avoided must be tried as two suits—one in equity and then one at law, dependent on the result of the former.

We must say that plaintiff was generous in his allegation of the facts in this case. He alleges a defense and then alleges it to be voidable. Had the defense (the release) not been alleged in the complaint, it would have been for the defendant to have alleged it affirmatively as a defense and proved it as such. But, of course, such is not the case here.

The further question is whether or not, to avoid circuity of action, both actions may be tried by jury, and letting the jury decide whether or not fraud and error entered into the release to void it and then further whether or not the evidence adduced entitles the plaintiff to damages.

It seems to be admitted that, had the defendant affirmatively alleged the release as a defense, trial by jury of the whole action or actions, under proper instructions from the Court, could be had. The further question then is, why should the pleading of a defense and its avoidance in the petition change the mode or number of times an action should be tried or, in effect, make it two actions?

It appears from the case of Callen v. Pennsylvania Railroad Company, 3 Cir., 1947, 162 F.2d 832, affirmed 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242, that a situation similar to the one under consideration was presented. In that case the validity of a $250.00 release was at issue. Of course, differently from this case, the defendant in that case, the railroad, pleaded the release in bar. However, the United States Supreme Court (68 S.Ct. 296, 298) had this to say: "Even if the issue of permanence [of plaintiff's injuries] were resolved against the defendant, an issue still existed as to the validity of the release since the defendant insists that it did not act from mistake as to the nature and extent of the injuries but entered into the release for the small consideration involved because, upon the evidence in its hands at the time, no liability was indicated. *We think the defendant was entitled to argue these contentions to the jury and to have them submitted under proper instructions.*" (Emphasis ours).

The Supreme Court then affirmed the Court of Appeals, saying the latter was "* * * right in directing a new trial at which the jury shall be permitted to pass on all issues of fact * * *"

We are of the opinion that no useful purpose would be served in trying this civil action in a piecemeal fashion. We believe defendant's rights will be protected in our instructions to the jury, thus saving the trouble of having to try this action twice.

Judgment will be signed in keeping with this opinion upon presentation.