### KILOSKI v. PENNSYLVANIA R. CO.
#### Civ. A. No. 1260.

United States District Court
D. Delaware.
Feb. 21, 1952.

Harold Leshem, of Wilmington, Del., and Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

William Poole and Frank O'Donnell (of Berl, Potter & Anderson), of Wilmington, Del., for defendant.

LEAHY, Chief Judge.

Plaintiff's complaint alleges that the action is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Defendant's answer denies negligence and permanent injury to plaintiff and asserts three affirmative defenses. The first alleges the injury resulted solely from plaintiff's own negligence; the second that plaintiff's injuries resulted from his contributory negligence; and the third that plaintiff entered into an accord and satisfaction with defendant and executed a release.

In answer to a request for admissions plaintiff admitted he signed the release and received the sum of $100; but plaintiff qualifies this by stating he believed the $100 was paid him for wages, there existed a mutual mistake of facts as to the extent of plaintiff's injuries, and the paper executed by plaintiff should not be considered a release. With these facts in the record defendant then moved for summary judgment on the basis of the release. I denied the motion. See D.C.Del., 96 F.Supp. 321. Following the denial of the motion for summary judgment defendant, pursuant to FR 42(b), 28 U.S.C., moved for a separate trial on the affirmative defense of accord and satisfaction or release.

The sole question for determination is whether the court should exercise its discretion and grant a separate trial on the issue of validity of the release signed by plaintiff. It is conceded if a separate trial is to be had it will be to the court and not by jury. My most recent discussion on a similar issue may be found in Hall Laboratories v. National Aluminate Corp., D.C.Del., 95 F.Supp. 323. But the matter, here, would appear to be governed by Bedser v. Horton Motor Lines, 4 Cir., 122 F.2d 406, where a defendant made a motion for separate trial on the issue of the validity of a release and such motion was granted. See also Ross v. Service Lines, Inc., D.C.E.D.Ill., 31 F.Supp. 871.

The facts of the case at bar make it clear that the issue of the validity of the alleged release should be tried separately. It is plaintiff's own conduct in signing the release and accepting the $100 which creates the release issue. In view of this action of plaintiff, he is hardly in a position to complain of the granting of the motion. In furtherance of the convenience of the parties and also the court the issue of release should be tried first.

An order may be submitted.