## GRISSOM v. UNION PAC. R. CO.
### Civ. No. 3622.

United States District Court
D. Colorado.
March 25, 1953.

Charles R. Enos, Denver, Colo., for plaintiff.

E. G. Knowles, Allan R. Phipps and Clayton D. Knowles, Denver, Colo., for defendant.

---

1. Rule 31(d) makes this and other appropriate provisions of Rule 30 applicable to cases of written interrogatories.

**264**

KNOUS, District Judge.

This matter is presently before this Court on defendant's motion for separate trial of separate issues. The plaintiff's complaint states a claim for relief against the defendant based upon the alleged negligence of one of its employees. In its answer thereto the defendant alleged in its third defense the existence of a full and complete contract for release and setttlement of all claims arising out of the act of negligence set forth in plaintiff's complaint. By appropriate reply, the plaintiff has attacked the validity of the said settlement and release upon six grounds, including alleged fraud and mutual mistake.

Thereafter, defendant filed the Motion for Separate Trial of Separate Issues now under consideration herein, asserting that under Rule 42(b) defendant is entitled to a separate hearing before the Court as to the validity of the contract for settlement and release upon the basis that such should be determined under the rules of equity. Defendant further urges that it would be more convenient for the Court and for the parties to determine the question of the validity of the release before proceeding to a trial on the merits and in addition thereby avoid multiplicity of litigation, as well as avoid the prejudice to the defendant which it says would result from a single trial involving a trial of all issues.

Rule 42(b) provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." 28 U.S.C.A.

■ The authorities clearly indicate that the exercise of this rule rests within the sound discretion of the trial judge. See Fleischman v. Harwood, D.C., 10 F.R.D. 139; Hall Laboratories, Inc., v. National Aluminate Corp., D.C., 95 F.Supp. 323, and Bedser v. Horton Motor Lines, Inc., 4 Cir.,

122 F.2d 406; Ross v. Service Lines, Inc., D.C., 31 F.Supp. 871, and Callen v. Pennsylvania R. Co., 3 Cir., 162 F.2d 832.

As is pointed out in Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83, 86, the matter of separation is "within the control of the district judge who should not * * * decide the issues piecemeal unless such a disposition is necessary to prevent undue delay or otherwise promote the interest of justice."

The concurring opinion of Judge Clark is particularly noteworthy and in which he stated:

"* * * the trial judge has a practical discretion to dispose of them together, but when the natural course of trial indicates that one claim can be disposed of quickly and summarily while the other will require a considerable trial, separation should be possible save in cases where the facts are so inextricably interwoven that it is impossible or at least manifestly unfair."

■ The pleadings, as supplemented by the arguments of counsel, disclose that the contract for release and settlement was obtained by the defendant at a time so proximate to the incurring of plaintiff's injuries to seemingly require the admission of testimony relative to the fact of the injury, its seriousness and the degree of shock resulting therefrom, as well as the time and method of treatment of the injury, as disclosing conditions prevailing at the time of negotiation and execution of the contract for release and settlement. It also would appear likely that evidence of subsequent treatment as touching upon the adequacy of the consideration given for said contract for release and settlement should be received. In short, except for evidence pertaining to the legal liability of the defendant for injuries sustained by the plaintiff, it would appear that by and large the same evidence would be admissible in the separate trial on the release as would be adduced in a single trial on all issues. For a statement as to the evidence admissible in a trial challeng-

ing the validity of a release, see Bedser v. Horton Motor Lines, Inc., 4 Cir., 122 F.2d 406, wherein a reversal was ordered because of the limitation of the evidence in a separate trial on the validity of the alleged release.

Although the defendant's third defense, inter alia, has been challenged upon the equitable grounds of mutual mistake and fraud, there is authority to the effect that any separate hearing on the question of the validity of the release properly should be tried to a jury. Bedser v. Horton Motor Lines, Inc., supra; Callen v. Pennsylvania R. Co., 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242; Winkler v. New York Evening Journal, D.C., 32 F.Supp. 810 and Thorla v. Louisiana Midland Ry. Co., D.C., 90 F.Supp. 553. This question, however, need not be resolved herein.

The specific point of prejudice presented by defendant was well covered in Fleischman v. Harwood, D.C., 10 F.R.D. 139, in which opinion the following was observed:

"* * * I cannot bring myself to believe that a jury cannot fairly determine that issue along with the other issues in the case."

Herein, it seems to the Court, the possibility of the suggested prejudice to the defendant can be avoided by appropriate instructions to the jury in a single trial on all issues. Thus, the resulting possibilities of prejudice to defendant by refusal to grant its motion for separate trials in the opinion of the Court are far outweighed by the inconvenience to the parties, witnesses, jurymen and the Court which would result in the event separation were to be granted and two separate trials, with practically the same evidence being introduced in each, were found to be necessary. It is, therefore,

Ordered And Adjudged that defendant's motion for separate trials on separate issues be, and the same hereby is denied.