NESBITT  v.  HAUCK et al.
Civ. No. 544 N.D.

United States District Court,
D. South Dakota, N. D.
Jan. 19, 1954.

Thos. F. Burns, St. Paul, Minn., and H. I. King, Jr., and King & Ronane, Aberdeen, S. D., for plaintiff.

Ellsworth E. Evans, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendants, Hartung.

F. W. Noll, Aberdeen, S. D., for defendant, Hauck.

MICKELSON, District Judge.

This is a personal injury action in which plaintiff seeks to recover total damages in the sum of $80,500 from the defendants by reason of their negligence arising out of a collision which occurred August 9, 1952, on U. S. Highway No. 12 approximately one mile east of the city of Aberdeen, South Dakota, between plaintiff's automobile operated by him and a truck owned by the defendants, Hartung, and being operated by the defendant, Barney Hauck.

Separate answers and cross complaints have been filed by the defendants, Hartung, through their attorneys, Campbell, Voas & Hall, Aberdeen, South Dakota. The defendant, Barney Hauck, has filed an answer and cross complaint by his

attorney, F. W. Noll, also of Aberdeen. The separate answers and cross complaints are almost identical and, in substance, they deny negligence on the part of the defendant, Barney Hauck, in the collision with plaintiff's automobile; and deny that he was operating said truck as the agent of the defendants, Hartung, or in the course of his employment by them; and allege that he was operating the same upon his own independent business.

As a second and particular defense both answers plead full satisfaction, compromise and settlement of all of plaintiff's claims against all of the defendants and a complete release therefrom, in writing, executed by plaintiff on August 27, 1952, upon payment to the plaintiff of the sum of $2,750. The cross complaint sets up the settlement, compromise and satisfaction of plaintiff's claim and the execution of the release by plaintiff to defendants of said claim; it alleges that the bringing of this action is a violation of said release and agreement and asks that said settlement be determined to be binding upon plaintiff and that plaintiff be required to specifically perform the same and that he be permanently enjoined from bringing this or any other action based upon the injuries and damages arising out of said collision.

It does not appear in the record as to whether plaintiff replied to the answer and cross complaint of the defendant, Barney Hauck, or not, but to the answer and cross complaint of the defendants, Hartung, the plaintiff replied, admitting the acceptance of the sum of $2,750 from the defendant and the execution of the release, but alleges that said release was procured by a fraudulent scheme and conspiracy and by fraud and duress practiced by one Philo Hall as the agent of the defendant upon said plaintiff while plaintiff was still hospitalized, suffering great pain, without an attorney, under the influence of morphine and other drugs and generally unable to transact business. The reply consists of several pages of very serious charges of fraud, misrepresentation and conspiracy which, if sustainable, would clearly vitiate said release and would render the person charged therewith, who happens to be an attorney and officer of this court, to very serious disciplinary measures.

No fraud or deceit is alleged to have been practiced upon plaintiff in the execution of the release and the procuring of his signature thereto. Plaintiff admits signing the release and does not claim it to be other than what he intended to sign.

Shortly after the service of said reply upon Campbell, Voas & Hall, then Hartung's attorneys, of which firm the said Philo Hall was a member, said attorneys withdrew from the case and the firm of Davenport, Evans, Hurwitz & Smith were substituted as Hartung's attorneys.

Counsel for plaintiff on November 13, 1953, and before the service of either reply, served notice of trial and demand for jury trial herein.

This matter is now before the Court upon defendants' motion under Federal Rules of Civil Procedure, Rule 39(a)(2) 28 U.S.C.A., for an order requiring trial of the equitable issues raised by defendants' cross complaint and the plaintiff's reply, before the Court and without a jury, and for the prior and separate trial of such issues from those issues of law raised by the complaint and answer thereto.

Counsel have ably argued the matter and have submitted briefs which appear to cite the law applicable to the questions involved. It appears to the Court that under the pleadings in this case justice can best be served by first and separately trying the equitable issues on the validity of the release. To submit this issue to the jury along with the legal issues raised by plaintiff's complaint and defendant's answer could very well so confuse and prejudice the minds of the jury, even though submitted under

appropriate instructions, as to cause them to minimize or almost wholly ignore the question of negligence and plaintiff's right to recover damages. If, upon trial by the Court, plaintiff can sustain the charges of fraud in relation to the release, the trial of the legal issues can then be had before a jury without the necessity of beclouding such issues with evidence concerning the release. If plaintiff cannot sustain such charges of fraud the time and expense of a jury trial will be saved.

Therefore, under Federal Rules of Civil Procedure, Rule 39(a) (2) and Rule 42(b) a prior and separate trial of the equitable issues raised by the defendants' answer and cross complaint and plaintiff's reply thereto is hereby ordered, and said equitable issues are hereby excluded from plaintiff's demand for a jury trial herein.

We come now to the motion of plaintiff for an order requiring the defendants, Hartung, to more fully and fairly answer certain interrogatories heretofore submitted and answered by said defendants.

The Court has carefully considered the briefs submitted by counsel. It appears beyond question that Philo Hall, in his investigation of the accident and negotiations for settlement with the plaintiff acted as attorney and agent for defendants' insurer and not as the agent or attorney for the defendants. Throughout their answers to the interrogatories this fact appears. This situation and particularly the extent of the defendants' knowledge and information of the specific matters covered by certain other interrogatories, their answers to which, or failure to answer, plaintiff now complains, is quite clearly set forth in their answers to Interrogatories Nos. 4 to 6. If the defendants, Hartung, were the only source of the information requested by plaintiff the Court might be inclined to require them to be more specific in their answers in certain instances even though such answers might necessarily be based upon information and belief. However, this is not the situation and the Court will not require them under the circumstances to seek information which they do not possess, the value of which would be very questionable. Plaintiff has been furnished with full information as to where the facts sought to be secured by such interrogatories may be obtained. Plaintiff can proceed under Rule 26 to take the depositions of Philo Hall, the nurse and the notary public whose names appear upon the release. The deposition of the custodian of the hospital records can also be taken and the required records produced. Such facts and information can also be secured from said witnesses by written interrogatories. Under the rule laid down in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, upon which both counsel rely, plaintiff may also proceed under Rule 34 as to any statements, etc. not privileged, which they may not be able to secure along the lines above stated.

Plaintiff's motion for an order requiring the defendants, Hartung, to more fully and fairly answer certain interrogatories will be denied, and without the allowance of any expenses or terms.