Hans L. LARSEN, Plaintiff,
v.
Richard D. POWELL, Defendant.

Civ. A. No. 4310.

United States District Court
D. Colorado.

Nov. 16, 1954.

See also 117 F.Supp. 239.

Ellery, Gray & Hickey, J. J. Hickey, Cheyenne, Wyo., for plaintiff.

White & Steele, Walter A. Steele, Denver, for defendant.

CHRISTENSON, District Judge.

Plaintiff's amended complaint contains two counts: the first in tort for claimed damages of $129,499.72 growing out of an automobile collision, and the second for cancellation of a release of the liability referred to in the first count, reciting a consideration of $713.15 signed by plaintiff at the instance of a representative of defendant. This representative, according to information developed at the pre-trial conference, was agent for defendant's insurance carrier.

An unqualified and timely demand for trial by jury has been made by plaintiff. Defendant denied liability and by amendment to his answer alleged as one of several affirmative defenses that as a compromise of a disputed claim, the plaintiff, for a valuable consideration, executed a full and complete release in favor of the defendant. Defendant has now moved under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a separate trial on the issue of the validity of the release.

The question now to be decided is whether such separate trial should be allowed. A related question which the Court seems obliged to consider is whether this separate trial, if any, should be before a jury.

Rule 42(b) provides:

"Separate trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Defendant claims that if the validity of the release is tried at the same time as plaintiff's principal cause of action, he would be prejudiced by the necessary involvement of insurance in the minds of the jurors. Plaintiff opposes the separate trials because necessarily much of the testimony as to the physical condition and injuries of the plaintiff and also concerning liability will be the same on both issues, and on the ground that no good reason exists for the extra expense, time and difficulty that would result from separate trials.

That the Court has the power, if not the duty, to order the issue of the release tried separately, is clear from the wording of Rule 42(b) and from numerous authorities. Bowie v. Sorrell, 4 Cir., 209 F.2d 49; Grissom v. Union Pac. R. Co., D.C.Colo., 14 F.R.D. 263; Kiloski v. Pennsylvania R. Co., D.C.Del., 103 F.Supp. 390; Ross v. Service Lines, Inc., D.C.Ill., 31 F.Supp. 871; Bedser v. Horton Motor Lines, Inc., 4 Cir., 122 F.2d 406; Hall Laboratories, Inc., v. National Aluminate Corp., D.C.Del., 95 F.Supp. 323.

In determining whether the Court should exercise its discretion in ordering the trial of an issue separately or in advance, a number of considerations must be weighed. These include convenience or economy of time relating to the parties or their witnesses; the convenience and economy of the Court; the possibility that by a determination of one issue the trial of the other issues would be avoided; the degree of repetition that might be involved in determining the issues separately or whether the issues most conveniently could be determined together; whether both issues would be determinable by a jury or whether one would be a matter solely within the cognizance of the Court; and finally, whether the trying of the issues together would necessarily work prejudice against one or the other of the parties, which could not be avoided by proper instructions.

Aside from the possibility that a determination of the release issue in advance, if favorable to the defendant, would obviate any further trial, the trial of the issues together certainly would be a convenience to the parties and their witnesses and would conserve their time and that of the Court. Much of the evidence relating to the nature of plaintiff's injuries and his condition following the collision and even evidence concerning the problem of liability, might be relevant and material to the issue of the validity of the release, as well as to the issue of liability in the first instance. See Bedser v. Horton Motor Lines, Inc., supra. Thus, a single trial might well avoid considerable repetition and duplication.

However, where the trial of issues together would necessarily work prejudice against one of the parties, the very purpose of the rule permitting the Court to

grant separate trials is invoked. If evidence would be relevant and material to one issue and necessarily would be involved in connection therewith, and if that same evidence would be improper and prejudicial with respect to the other issue, separate consideration of each of such issues seems indicated.

It is a contention of the plaintiff that a representative of defendant's insurance carrier called upon plaintiff in the hospital and by reason of certain claimed misrepresentations and because the condition of the plaintiff did not permit any considered or valid decision, such agent obtained the release in question. Theoretically, it might be possible through agreement of the parties to avoid the mention of the "insurance representative" or "insurance agent" in those terms. As a practical matter, however, it does appear to the Court that no matter what effort might be made to subdue or conceal the identity of the person involved, there could be no assurance that his identity, or the fact that the defendant was insured, would not become known to the jury. Indeed, it might be material on the release issue, depending upon the circumstances which the detailed evidence may indicate, for the plaintiff affirmatively to show that the party who obtained the release was, indeed, an insurance adjustor or represented himself to be such or made other statements touching upon the fact that there was insurance. Without passing upon this point, it seems clear that at this stage of the proceeding the Court could not require an agreement on the part of either party to refrain from revealing the identity of the representative who obtained the release.

We are led to the inquiry of whether the involvement of insurance before the jury trying the issue of original liability would be prejudicial. In the Colorado case of Phelps v. Loustalet, 91 Colo. 350, 14 P.2d 1011, 1012, which has not been overruled as far as I can determine, it was held that the admission of testimony of the occupant injured in a collision that the automobile owner stated he carried insurance was prejudicial error and was not cured by the Court's admonition and instruction to disregard the testimony. The Colorado Court stated, among other things, as follows:

"The only purpose it (this testimony on insurance) could serve was to prejudice the jury in favor of the plaintiff and against the defendant. While the learned trial judge made a proper disposition of it by ruling that it was improper and instructing the jury to disregard it, yet its effect could not be effaced from their minds."

The same situation might well obtain even though evidence as to insurance might come into the case properly on another issue tried simultaneously. It appears doubtful to me that this could be obviated by any instruction which the Court might give limiting the effect of the testimony to the single issue of the release. In the case of Grissom v. Union Pac. R. Co., supra, Judge Knous denied a separate trial on the issue of the validity of a release, indicating that prejudice to the defendant could be avoided in that case by appropriate instructions to the jury in a single trial on all issues. In that case, however, the defendant was a railroad company, the financial ability of which could not be doubted by any juror. There was no question of insurance involved, and, indeed, because of the commonly known financial standing of the defendant, this probably would have been unimportant as a persuasive element in the case. I believe that a separate trial of the issues involving the release should be ordered to avoid prejudice, which is a good and sufficient reason under the rule.

The defendant argues, apparently as an additional reason for separate trials, that the issue of the validity of the release is an equitable issue for the Court to pass upon and that it would not be

triable to a jury in any event. I have concluded to grant a separate trial independent of this argument. But since it now becomes important to determine how the issue on the release is to be decided, I add the following comments:

There is respectable authority to the effect that actions for the cancellation of instruments are within the jurisdiction of equity and are triable by the Court without a jury. 50 C.J.S., Juries, § 31, p. 746; Ross v. Service Lines, Inc., supra; Hollingsworth v. General Petroleum Corporation of California, D.C.Or., 26 F.Supp. 917, holding that the issue of fraud in the consideration of a release should be tried without a jury in conformity with "the majority Federal rule", notwithstanding state decisions to the contrary.

■■ In the case of Ross v. Service Lines, Inc., supra, it is held that a determination of the existence of a remedy, and its character as between law and equity, involve more than mere procedural questions and will be determined as the law of the state directs unless in violation of some federal statute. The law in Colorado indicates that a defense that a provision was agreed upon or inserted in an instrument by mistake, accident, inadvertence or fraud amounts only to an equitable ground to reform the deed, and does not raise an issue triable by a jury. Parker v. McGinty, 77 Colo. 458, 239 P. 10. Thus, if we were to follow the law of the state, a trial by the Court without the intervention of a jury on the issue of the validity of the release might be in order. However, the better rule generally, and the one apparently recognized by this circuit, is that the right to a jury or Court trial in federal courts is solely one of federal practice. Moore's Federal Practice, Vol. 5, Sec. 38.08(6)–38.09, pp. 90–101; Herron v. Southern Pac. Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857; Diederich v. American News Co., 10 Cir., 128 F.2d 144; Bowie v. Sorrell, supra.

■ The final inquiry on this phase is whether the issue of the validity of the release is triable to a jury or to the Court. In the absence of a direct ruling by this circuit, my opinion is that this issue is determinable by a jury in line with the indication of Callen v. Pennsylvania R. Co., 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242.

The latter case is under the Federal Employers' Liability Act, 45 U.S.C.A., 351 et seq. Plaintiff had executed a general release in consideration of the payment of $250, which plaintiff asserted was the result of mistake. The Third Circuit in reversing the judgment on the verdict in favor of the plaintiff, 162 F.2d 832, had construed the charge of the District Court as withdrawing the question of the validity of the release from the jury, and had held that this was error. The Supreme Court concluded that, "Since we believe the Court of Appeals was right in directing a new trial at which the jury shall be permitted to pass on all issues of fact, the judgment is affirmed." [332 U.S. 625, 68 S.Ct. 299.]

In the case of Bowie v. Sorrell, supra, it was held that where a separate trial was ordered on the issue of the validity of the release pleaded by the defendant as a defense to a tort action and claimed by plaintiff to be invalid because of fraud, the plaintiff was entitled to a jury trial on such issue, the lower court being reversed on this point. In Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, a defense was that the defendant had been induced to issue the insurance policy by false answers on the application. The Supreme Court stated that in such a case the defense of fraud is completely available in the action at law and a bill in equity would not lie in proceedings in that action in order to have the defense heard and determined in equity. In the case of Purvis v. Pennsylvania R. Co., 3 Cir., 198 F.2d 631, the determination of the District

Court, 98 F.Supp. 212, was that the validity of a release was properly a jury question. In Grissom v. Union Pac. R. Co., supra [14 F.R.D. 265], Judge Knous did not rule expressly on this question but touched upon it in the following language:

"Although the defendant's third defense, inter alia, has been challenged upon the equitable grounds of mutual mistake and fraud, there is authority to the effect that any separate hearing on the question of the validity of the release properly should be tried to a jury. Bedser v. Horton Motor Lines, Inc. [4 Cir., 122 F.2d 406]; Callen v. Pennsylvania R. Co., 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242; Winkler v. New York Evening Journal, D.C., 32 F. Supp. 810; Thorla v. Louisiana Midland Ry. Co., D.C., 90 F.Supp. 553. This question, however, need not be resolved herein."

Is the application of the rule indicated in the foregoing cases precluded by the fact that plaintiff, himself, in an independent cause of action asks affirmatively for the cancellation of the release on the ground of fraud? In Moore's Federal Practice, Vol. 5, Sec. 3820, p. 175, it is indicated that at times plaintiff may be able to choose between legal and equitable relief and if he frames his complaint along equitable lines, there may be no right of jury trial.

It appears in count two of the complaint that a cause of action in equity is stated; yet the same matters would be available in an action at law to avoid the effect of a release interposed by the defendant as a bar to the action. If the second count had not been included in the complaint and the release had been brought into the case in the first instance by the answer of the defendant, there seems little doubt but that the plaintiff could show that the release was procured by fraud or was the result of mutual mistake and that, therefore,

it did not bar the action. This being so, the action would not be converted thereby into an action in equity.

In Thorla v. Louisiana Midland Ry. Co., D.C., 90 F.Supp. 553, the complaint under the Federal Employers Liability Act alleged that plaintiff, a brakeman of defendant, was injured and thereafter was induced through false and fraudulent representations, through error, to sign a release in consideration of $65. The complaint prayed for judgment setting aside the release. Contending that the prayer of plaintiff was one for equitable relief, while admitting that the prayer for damages was that of an action at law, the defendant asserted that the trial of the legal issue should be postponed until the "equitable" issue was disposed of by the Court alone without the intervention of a jury. Porterie, District Judge, in holding that trial by jury was proper, commented: "Plaintiff was generous in his allegation of the facts in this case. He alleges a defense and then alleges it to be voidable." It was further pointed out that had the defendant affirmatively alleged the release as a defense, trial by jury of the whole action or actions under proper instructions from the Court could be had.

Why should the pleading of a possible defense and its avoidance in a complaint change the mode by which an action for damages should be tried? In Callen v. Pennsylvania R. Co., supra, the Supreme Court said:

"Even if the issue of permanence (of plaintiff's injuries) were resolved against the defendant, an issue still existed as to validity of the release since the defendant insists that it did not act from mistake as to the nature and extent of the injuries but entered into the release for the small consideration involved because, upon the evidence in its hands at the time, no liability was indicated. We think the defendant was entitled to argue these contentions to the jury and to have them

submitted under proper instructions."

■ Under the doctrine of American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, the Court has control over its own docket and in the exercise of sound discretion, may hold one lawsuit in abeyance to abide the outcome of the other, especially where the parties and the issues are the same.

The pertinent rules as to when jury trials are demandable as a matter of right, and when such right may be deemed waived, have been no better stated than in a case from this circuit. In Hargrove v. American Cent. Ins. Co., 10 Cir., 125 F.2d 225, Circuit Judge Murrah, speaking for the Court in a declaratory judgment case where neither party had demanded a jury trial, held that if the issues are purely equitable, the Court has the right to call a jury in an advisory capacity and submit such question of fact as he may elect. Or, with the consent of the parties, the Court may order a trial by jury and the verdict will have the effect as if a trial by jury had been a matter of right. If the issues are both legal and equitable, the Court by the same procedure may submit to the jury both legal and equitable issues. In any case, the consideration to be given to the verdict depends upon whether the issues are legal or equitable. See also Firemen's Ins. Co. of Newark v. Smith, 8 Cir., 180 F.2d 371. The insurance company in the Hargrove case sought, among other things, a declaration that the insurance policies involved were procured through fraud and false swearing and therefore should be cancelled. The Circuit Court determined that a jury was demandable as a matter of right, but that since no demand was made and the parties acquiesced in the trial to an advisory jury, the case would be treated as a trial to the Court. In the course of the opinion it is stated [125 F.2d 228]:

" * * * The consideration to be given to the verdict of the jury depends upon the nature of the issues —whether legal or equitable. 3 Moore Federal Practice 3017. If the insured had filed suit on the policies, the asserted remedy would have been legal in its nature and either party would have been entitled to a jury on timely demand as provided by the rules of civil procedure. In this event, the insurors could have asserted the same remedy as a legal or equitable defense to the legal action to recover. Pacific Indemnity Co. v. McDonald, supra [9 Cir., 107 F.2d 446, 131 A.L.R. 208].

"9. The insuror therefore had a plain and adequate remedy at law and the issues tendered were basically legal in their nature, and the case was triable as of right by jury. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. Cf. American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S. Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268. It follows that the court was not authorized of its own initiative to call a jury in an advisory capacity, when a jury was waived in the absence of a motion by one of the party litigants."

By Dickinson v. General Accident Fire & Life Assur. Corporation, Limited, 9 Cir., 147 F.2d 396, it is demonstrated that a party merely by reversing the normal procedure, should not be permitted to deprive his adversary of the right which would otherwise be. his to have his case determined by a jury; nor, would it seem, should a party be held to have deprived himself of such right, demandable by virtue of one count in a complaint, merely because he seeks to anticipate a possible defense thereto, in another count. In the Dickinson case it is pointed out, moreover, that

certain issues, though equitable in origin, have been long cognizable as of course in the courts of the common law. Such is the issue of fraud or mistake as it may affect the binding force of a release which might otherwise bar an action at law for damages.

A jury having been duly demanded and the Court having determined that a jury must be impaneled as a matter of right, neither party may waive the jury without the consent of the other. Federal Rules of Civil Procedure, Rule 39(a). Defendant suggests in his brief that the matter of the release must be tried by the Court without the intervention of a jury. His consent alone is not sufficient.

If both parties desire now to waive a jury on the release issue, I will be inclined to set the case down for trial before a jury on the issue of liability, but to take additional evidence touching upon the circumstances of the release out of the presence of the jury so that I can make findings in this matter before submitting other elements of the case, if at all, to the jury. Counsel have not yet briefed the question of right to trial by jury on the separate release issue. I do not mean to foreclose their further enlightening the Court on this point, but even though it should appear then during the hearing on the release that the right to trial by jury thereon does not exist, I may consider the verdict of the jury advisory only and may, myself, make findings of fact. Thus, no second hearing on the issue will be necessary in any event. Federal Rules of Civil Procedure, Rule 39(a, b, c); Ryan Distributing Corporation v. Caley, D.C.E.D. Penn., 51 F.Supp. 377; Hargrove v. American Cent. Ins. Co., supra; Ring v. Spina, 2 Cir., 166 F.2d 546; American Life Ins. Co. v. Stewart, supra. In the absence of such an alternate development, trial to a jury will first be had to determine the validity of the release in question. If at such trial the release is found to be invalid or not binding upon the plaintiff so as to bar his claim for damages, a jury trial subsequently will be scheduled to determine the remaining issues in the case.