Harold G. McGRAW

v.

**J. RAY McDERMOTT & COMPANY, INC. and the Travelers Insurance Company.**

Civ. A. No. 77–2056.

United States District Court, E. D. Louisiana.

Dec. 8, 1978.

Amended Jan. 10, 1979.

James A. Wysocki, of Windhorst, Heisler, De Laup & Wysocki, New Orleans, La., for plaintiff.

Bruce M. Horack and Maurice C. Hebert, Jr., of Hebert, Abbott & Horack, New Orleans, La., for defendants.

CHARLES SCHWARTZ, District Judge.

This matter is before the court on defendants' motion for separate trial on the issue

of seaman's release, and plaintiff's opposition memorandum. The court heard argument of counsel at a status conference on December 8, 1978. Having considered the oral and written arguments of counsel, the record and the law, the court rules as follows:

■ The burden is on the party seeking to uphold a seaman's release to "show that it was given by the seaman with an informed understanding of his rights and a full appreciation of the consequences of his release." *Cates v. United States*, 451 F.2d 411, 414 (5th Cir. 1971); *accord, Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239 (1942); *Aguiluz-Nunez v. Carnival Cruise Lines, Inc.*, 584 F.2d 76 (5th Cir. 1978); *Charpentier v. Fluor Ocean Services, Inc.*, 534 F.2d 71 (5th Cir. 1976); *Blanco v. Moran Shipping Co.*, 483 F.2d 63 (5th Cir. 1973), *cert. denied*, 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 108 (1974); *Gueho v. Diamond M. Drilling Co.*, 524 F.2d 986 (5th Cir. 1976); *Bay State Dredging & Contracting Co. v. Porter*, 153 F.2d 827 (1st Cir. 1946); *Law v. United Fruit Co.*, 264 F.2d 498 (2d Cir.), *cert. denied*, 360 U.S. 932, 79 S.Ct. 1452, 3 L.Ed.2d 1546 (1959); *Wooten v. Skibs A/S Samuel Bakke*, 431 F.2d 821 (4th Cir. 1969); *Guerrero v. American Hawaiian S.S. Co.*, 222 F.2d 238 (9th Cir. 1955).

■ Once there are sufficient facts raised in the record to establish a genuine issue of material fact concerning the validity of the procurement of the seaman's release to withstand a motion for summary judgment, the issue is to be decided by the jury, *see, e. g., German v. Carnegie-Illinois Steel Corp.*, 169 F.2d 715 (3d Cir. 1948); *Blake v. W. R. Chamberlin*, 176 F.2d 511 (9th Cir. 1949); *Scola v. Boat Frances R., Inc.*, 546 F.2d 459 (1st Cir. 1976); *Guerrero v. American Hawaiian S.S. Co., supra* ; 1 M. Norris, *The Law of Seamen* § 504, at 600 (1970), and that the withdrawing of the release issue from the jury in a Jones Act case under these circumstances constitutes error, *cf. Callen v. Pennsylvania Railroad Co.*, 332 U.S. 625, 628–30, 68 S.Ct. 296, 92 L.Ed. 242 (1948); *Dice v. Akron, Canton & Youngstown Railroad Co.*, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952); *Gifford v. Wichita Falls & S. Ry. Co.*, 211 F.2d 494 (5th Cir. 1954); *see* Annot., 43 A.L.R.2d 786, 802 (1955).

■ The court is of the opinion that the most expeditious and least prejudicial manner in which to handle the issue of the validity of a seaman's release before the jury is to bifurcate the trial. Fed.R.Civ.P. 42(b); *see Bedser v. Horton Motor Lines, Inc.*, 122 F.2d 406 (4th Cir. 1941); *Holt v. Granite City Steel Co.*, 22 F.R.D. 65 (E.D.Ill. 1957); *Hoad v. New York Central Railroad Co.*, 3 F.Supp. 1020 (W.D.N.Y.1933); *Michael Rose Productions v. Loew's Inc.*, 19 F.R.D. 508, 509 n.4 (S.D.N.Y.1956); Annot., 4 A.L.R.3d 456 (1965); *cf. Nesbitt v. Hauck*, 15 F.R.D. 254, 255–56 (D.S.D.1954). The seaman's release at issue in this case has already withstood a motion to dismiss which was treated like a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. However, a jury reviewing the facts and circumstances surrounding the release could still uphold its validity. In that case, for the jury also to hear the entire evidence on the issue of liability would be a waste of judicial time. Therefore, a sensible and proper procedure would be first to select a jury, and then to bifurcate the trial into release and liability sections. *See Larsen v. Powell*, 16 F.R.D. 322, 324–27 (D.Colo.1954). The court would first receive evidence solely pertaining to the issue of the validity of the release, which in this particular case would include evidence bearing on the meritoriousness of the original lawsuit. Then, a special interrogatory would be sent to the jury after the close of this evidence asking whether the release was executed freely under the criteria in *Garrett v. Moore-McCormack Co., supra*. If the jury interrogatory is answered in the negative, the parties will be permitted to put on any *additional* evidence on the question of liability and try the issue of liability before this same jury.

For the reasons stated above,

IT IS ORDERED that defendants' motion for separate trial on the issue of sea-

man's release be and it is hereby GRANTED AND MODIFIED, bifurcating the trial of this case as set out in this opinion into release and liability sections before a single jury.