STATE ex rel. GERALD N. ROOKS, JERALD SPERLE AND
JERRY'S AERIAL CROP CARE, INC., A MONTANA CORPORATION,
APPLICANT, v. DISTRICT COURT OF the THIRTEENTH
JUDICIAL DISTRICT of the STATE of MONTANA, IN AND
FOR the COUNTY OF YELLOWSTONE, DEPARTMENT
NO. 1, RESPONDENT.

No. 11681.
Decided June 5, 1969.
456 P.2d 308.

Fred C. Rathert, Bjella, Jestrab & Rathert, Williston, N. D., for applicant.

PER CURIAM.

This is an original proceeding in which the applicants seek a supervisory writ under the provisions of Rule 17, M.R.App. Civ.P. From the application it appears that an action is pending in the respondent district court wherein the applicants are defendants and they have individually pleaded counterclaims and cross-claims and they state that the questions here presented are of law only, that being whether the counterclaims and cross-claims of the defendants and cross-plaintiffs are so related to the defense of the amended complaint filed by the plaintiff as to be inseparable therefrom.

In the amended complaint of the plaintiff in the district court it is alleged that the defendants on May 23, 1967 ordered from plaintiff certain parts of the value of $2,115.53 to be used on an aircraft owned by the defendants; plaintiff shipped the parts to the defendants who subsequently installed the parts on the aircraft and refused to pay for them ,and plaintiff seeks payment.

All three of the defendants by separate answers admit the ordering, value and use of the parts; two of the defendants in their counterclaims, among other things, alleged the aircraft crashed on May 5, 1967 because of engine failure.

On December 20, 1968 plaintiff moved for a separate trial for the reason that the defendants filed counterclaims against plaintiff alleging liability of the plaintiff on matters unrelated to the claim stated in the amended complaint and that defendants filed cros-claims against two foreign corporations which cross-claims related to the liability counterclaim filed against

plaintiff. That appearance was made on behalf of plaintiff in defense of the counterclaims by counsel other than plaintiff's original counsel by reason of liability insurance coverage of the plaintiff and that such counsel have entered appearances on behalf of the cross-defendants. Further that to require plaintiff to proceed with its amended complaint as part of the whole action will cause plaintiff great delay and inconvenience.

On May 1, 1969 the district court granted a separate trial to plaintiff and set the trial for June 16, 1969, such trial to be limited to the issues presented by the amended complaint and answers thereto, and as to any other issues raised by the pleadings they remain a part of the main action, to be tried when the main action is tried.

Rule 42(b), M.R.Civ.P. provides:

*"Separate Trials.* The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claims, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.''

At the time of the adoption of this rule it was identical with the Federal rule. The 1966 amendment of the Federal rule added as a ground for separate trials that this ''will be conducive to expedition and economy.'' In the 1968 pocket part to Vo. 2B, Sec. 943, p. 66, Barron and Holtzoff Federal Practice and Procedure, the authors state: ''Since it is so clear that this was properly considered as a factor under the former rule, the amendment appears on its face quite unnecessary.'' This comment expresses our view so Federal decisions under their Rule 42(b) would still be guide lines for our consideration when interpreting our own Rule 42(b).

In the same work, Sec. 943, p. 186, it is stated:

''* * * Rule 42(b) gives the court virtually unlimited freedom to make such orders as trial convenience requires. An exhaustive study of the practical operation of the rule concludes: '* * * on the whole the separate trial has proved

a very flexible and useful instrument for preventing confusion, avoiding prejudice, and providing a convenient method of disposing of litigation as fairly and quickly as possible. The rule serves its purpose in modern pleading.' ''

Again in Sec. 944, p. 198, the authors state:

''Where the complain contains several claims, these may be tried separately. Similarly a separate trial may be ordered of independent issues raised by a counterclaim, a third-party claim, or a cross-claim.''

In Smith v. Moore-McCormack Lines, Inc., 31 F.R.D. 239, the U. S. District Court for the S. D. New York observed that upon defendants impleading third-party defendant, plaintiff who claims impleading would cause delay, may move for separate trial of third-party claim under Rule 42(b), Federal Rules of Civil Procedure.

We have examined many of the authorities cited in Barron and Holtzoff Federal Practice and Procedure and Moore's Federal Practice, and we appreciate the position taken by the applicant that it is the interest of efficient judicial administration which is to be considered, rather than the wishes of the parties and that the trial piecemeal of the separate issues in a single suit is not to be the usual course.

However, it appears here that the district judge gave lenthy consideration to the matter and unless a clear abuse of discretion exists, which certainly does not appear here, we should not disturb his ruling.

For these reasons the application for a supervisory writ is denied and the proceeding dismissed.