The STATE OF MONTANA ex rel. CHRISTEN NORMAN HEREIM and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff *v.* The DISTRICT COURT of the SIXTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTY OF PARK, and the HONORABLE ‾W. W. LESSLEY, Judge Presiding therein, Defendants.

No. 11758.
Decided Nov. 3, 1969.
460 P.2d 755.

Lyman H. Bennett, Jr. (argued), Bozeman, for appellant.

Berger, Anderson & Sinclair, Billings, Richard W. Anderson (argued), Billings, for defendants.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an action seeking a writ of supervisory control to obtain separate trial of a third party complaint in the sixth

judicial district, in and for the county of Park, in which action the Hon. W. W. Lessley is the presiding district judge.

The district court action was started by Christen Norman Hereim, seeking damages for personal injury alleged to be caused by negligence of the defendant, Jerry Logan, in an automobile collision which occurred on July 10, 1966, at a point about two miles southerly from the town of Chadborn on U. S. Highway No. 89 in Park County, Montana.

Previous to the commencement of the action State Farm Mutual Automobile Insurance Company, being the insurer of the vehicle driven by the plaintiff Hereim, deeming the plaintiff Hereim to have been liable, negotiated with the firm of Berger, Anderson & Sinclair, and in particular, Mr. Arnold Berger of that firm, for settlement of the claim of Logan, and a settlement was reached in which State Farm Mutual Automobile Insurance Company paid Logan and his counsel $10,000, the liability limits of the policy covering the car which was driven by Hereim at the time of the accident.

Hereim nevertheless started litigation for his personal injuries and Logan nevertheless filed a counterclaim for damages for his injuries sustained in the same action.

State Farm Mutual Automobile Insurance Company retained counsel to defend against the counterclaim and a reply was filed alleging settlement and release of the Logan claim.

Thereafter, Logan, through his counsel, filed a third party complaint against State Farm Mutual Automobile Insurance Company alleging that State Farm defrauded Logan and seeking punitive damages for fraud alleged to have occurred in connection with the settlement.

The action has not been set for trial and pretrial order has not been filed, although a pretrial hearing was held. Motion was made for separate trial of the issues presented by the third party complaint. This motion was not resisted by the plaintiff Hereim, but was resisted by the defendant, counter-

claimant, and third-party plaintiff, Logan. Hon. W. W. Lessley, district judge, denied the motion for separate trial.

Rule 42(b), M.R.Civ.P. provides:

"*Separate Trials....* The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

On June 5, 1969, this Court rendered its decision in cause No. 11681, State ex rel. Rooks v. District Court, 153 Mont. 189, 456 P.2d 308, 310, 26 St.Rep. 315, citing and quoting Rule 42(b), M.R.Civ.P. and stating the following:

"At the time of adoption of this rule it was identical with the Federal rule. The 1966 amendment of the Federal rule added as a ground for separate trials that this 'will be conductive to expedition and economy.' In the 1968 pocket part to Vol. 2B, Sec. 943, p. 66, Barron and Holtzoff Federal Practice and Procedure, the authors state: 'Since it is so clear that this was properly considered as a factor under the former rule, the amendment appears on its face quite unnecessary.' This comment expresses our view so Federal decisions under their Rule 42(b) would still be guidelines for our consideration when interpreting our own Rule 42(b).

"In the same work, Sec. 943, p. 186, it is stated: '* * * Rule 42(b) gives the court virtually unlimited freedom to make such orders as trial convenience requires. An exhaustive study of the practical operation of the rule concludes: "* * * on the whole the separate trial has proved a very flexible and useful instrument for preventing confusion, avoiding prejudice, and providing a convenient method of disposing of litigation as fairly and quickly as possible. The rule serves its purpose in modern pleading." ' "

While it is indicated in the Rooks decision that the granting of a separate trial lies within the discretion of the district judge, nevertheless, relators point out that the rules laid down

by this Court on the subject of insurance issues in personal injury litigation clearly indicate that it was abuse of discretion to deny a separate trial of the insurance issue along with the negligence issues in the instant case.

In the 1934 decision of Vonault v. O'Rourke, 97 Mont. 92, 33 P.2d 535, this Court used the following language:

"This court has repeatedly condemned the injection of the insurance issue into damage actions. In the case of Wilson v. Blair, 65 Mont. 155, 211 P. 289, 295, 27 A.L.R. 1235, the court considered questions asked a defendant on cross-examination in a case very similar to the instant action. There the questions asked really meant just about what the question here implied. The defendant was asked if he was a member of the Medical Protective Association, and if under his contract with 'them' he personally or the association would have to pay any judgment secured against him. Objection was made and sustained to the questions and error was urged in the matter. The court said: 'The obvious purpose of these statements and questions was to get before the jury such matter as that the jury might infer therefrom that some bonding company, and not the defendant, would be called upon to bear the burden of meeting any judgment rendered in this cause. Clearly none of such matter was admissible and is without the issues. Such practice is not to be commended. * * *' "

The same rule was followed in Adams v. Misener, 113 Mont. 559, 131 P.2d 472; in Watkins v. Williamson, 132 Mont. 46, 314 P.2d 872; and as late as 1968 in D'Hooge v. McCann, 151 Mont. 353, 443 P.2d 747.

In the Vonault decision, supra at p. 113, 33 P.2d at p. 543, this Court quoted, with approval from the California decision of Schlenker v. Egloff, 133 Cal. App. 393, 24 P.2d 224, as follows:

"The natural tendency of a line of examination that suggests to the jury that the defendant is indemnified against any judgment for damages against him is highly prejudicial to his

rights, especially in a closely balanced case where the evidence otherwise would be easily sufficient on appeal to support a verdict either for the plaintiff or for the defendant."

The district court action involved in this proceeding is one of the type mentioned by the California decision in the matter above quoted, in that the plaintiff Hereim is asserting a claim for damages for personal injury alleged to have been caused by negligence of the defendant Logan, and the defendant Logan is asserting a claim for damages for personal injury alleged to have been caused by negligence of the plaintiff Hereim; and the trial before the jury which tries the issue of the matter of the third party complaint will clearly indicate to the jury that Hereim was insured. In view of the public policy declared by our decisions against disclosure of insurance, prejudice would of necessity follow.

Actually, an issue arising out of a contention that the insurance company defrauded the defendant is even more prejudicial to the plaintiff and is in all respects likely to bring about a prejudicial verdict in excess of Hereim's liability limits.

Under all the circumstances it seems apparent that prejudice would result by trial of all issues in the same trial, whereas no prejudice would result to any party by a separate trial of the question of the third party complaint and therefore there was a manifest abuse of discretion by the trial judge in denying separate trial.

On the return we are told by the respondent district court the long delay of nearly eighteen months after State Farm was brought into the action makes it too late for a severance; though, as a matter of fact, a trial date for the matter has not yet been set. Whatever delay is involved does not seem of great import.

Therefore, we hold that a writ of supervisory control should issue directing the district court to grant a separate trial of the question of the third party complaint.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL and JOHN C. HARRISON, concur.