THE STATE OF MONTANA, ex rel. NORTHERN PACIFIC RAILWAY COMPANY, and Manford S. Christiansen, Relators, v. the DISTRICT COURT OF THE SIXTEENTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTY of ROSEBUD, and ALFRED COATE, District Judge Presiding, Respondents.

No. 11823.
Submitted March 4, 1970.
Decided April 1, 1970.
467 P.2d 145.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Jack Ramirez, argued, Billings, for relators.

Tipp, Hoven & Brault, Missoula, Raymond W. Brault, argued, Missoula, Kelly & Secrest, Billings, William T. Kelly, argued, Billings, for respondents.

MR. JUSTICE JOHN CONWAY HARRISON delivered the Opinion of the Court.

This application by the Northern Pacific Railway Company for a writ of supervisory control arose out of an order of the district court of the sixteenth judicial district sitting in Rosebud county, denying a motion for a separate trial on the issue of the validity of a release in a wrongful death and survival action.

Alfred Thorson was killed on February 12, 1965, when his truck was hit by a Northern Pacific Railway Company train on a crossing near Rosebud, Montana. His widow contacted a Forsyth attorney to handle her deceased husband's estate. The attorney employed by the widow for the estate matter is also retained as local counsel for the railroad. Mrs. Thorson contends the attorney did not tell her of his association with the railroad company until after their second or third meeting. The attorney insists he informed her of this fact at their first meeting and that he could handle the estate matter but not any cause of action against the railroad company. However, after conducting a preliminary investigation, he recommended that she present her claim by letter to the railroad offices in St. Paul, Minnesota.

About a month after the accident, Mrs. Thorson wrote the railroad company stating she felt the railroad company was responsible for her husband's death and she felt she was entitled to some support for herself and her daughter. As a result of her letters, A. E. Simonton, the railroad claims agent who had

investigated the accident the day it happened, contacted Mrs. Thorson and after several letters between them and several conferences held, a settlement was reached. A release was executed on June 15, 1965. Another release needed to obtain the approval of the court was executed on July 9, 1965. This second release was approved by the court and a payment in the amount of $1,250 was made to Mrs. Thorson in settlement of her claim.

On January 29, 1968, acting as administratrix of her husband's estate and as guardian of her daughter's interest, Mrs. Thorson filed the wrongful death and survival action. The railroad raised the defense of the release in its answer. In reply Mrs. Thorson alleged fraud, deceit, misrepresentation, undue influence, and harassment on the part of the railroad agent in procuring the release. She also alleged mental incompetence at the time she signed the release and lack of consideration.

When Mrs. Thorson's deposition was taken she made the following charges: that the railroad agent committed a long series of acts calculated to cheat her out of her claim; that he lied to her about the conditions at the scene of the accident; that he designated as lies and cheap talk her statements about ice on the crossing, stormy conditions, and boxcars parked on a siding obscuring the view of the crossing; that the agent often read pamphlets to her about instances in which the survivors of people killed in railroad accidents had refused the agent's offer and had recovered nothing. She alleged that at the time of the signing of the release: she was sick with a number of ailments; she was a nervous and high-strung person; she was very distraught over the recent death of her husband; and, the railroad agent took advantage of her sickness and sorrow by harassing and coercing her into accepting his offer. She further alleged she did not know the payment was a settlement or that the paper she signed was a release of her claim. Her impression from the alleged statements of the railroad agent was that the money was a gift out of the goodness of his heart and the papers she signed were merely something like a receipt for the money and the only reason she signed them was to get the agent out of her home.

All of these accusations and allegations are denied by the railroad and by the agent. Plaintiff asserts these circumstances render the release invalid and void for want of consideration and fraud.

In State ex rel. Rooks v. District Court, 153 Mont. 189, 456 P.2d 308, this Court discussed the power of the trial court to order a separate trial under Rule 42(b), M.R.Civ.P., and refused to overturn the trial court's order granting separate trials because no abuse of discretion was found. This Court again relied on the proposition that such a ruling is within the trial court's discretion in State ex rel. Hereim v. District Court, 154 Mont. 112, 460 P.2d 755. Counsel for both petitioner and respondent in the instant action admit in their briefs and on oral argument that the granting of a separate trial is within the discretion of the trial court.

Whether or not the trial court abused its discretion by denying the petitioner, Northern Pacific Railway Company, a separate trial on the question of the validity of the release is the issue presented by this application for a writ of supervisory control.

This Court has frequently accepted federal decisions under federal rule 42(b) as guidelines for consideration when interpreting Montana rule 42(b). State ex rel. Hereim v. District Court, supra. Larsen v. Powell, 16 F.R.D. 322, 323, concisely declares that the following considerations must be weighed when determining whether or not to order a separate trial for an issue: Convenience or economy of time relating to the parties or their witnesses; the convenience and economy of the court; the possibility that by determination of one issue the trial of the other issues would be avoided; the degree of repetition that might be involved in determining the issues separately or whether the issues most conveniently could be determined together; whether both issues would be determinable by a jury or whether one would be a matter solely within the cognizance of the court; and finally, whether the trying of the issues together would necessarily work prejudice against

one or the other of the parties, which could not be avoided by proper instructions.

In determining whether the trial court abused its discretion we must of necessity review the application of the facts of this case to these criteria. Comparison of the two issues sought to be separated indicates the trial of the release issue will involve consideration of the document of the release itself and the actions of Mrs. Thorson, the railroad claims agent, and the attorney. All of these people are within Rosebud county or the surrounding area. All of them have been deposed and the discovery for the release issue has been substantially completed.

The most important aspect of the release issue is—if the release is found to be valid, the entire matter is terminated on that basis alone without further litigation.

In the wrongful death and survival issue the matters to be proved will concern the negligence or contributory negligence of the various parties to the accident and the damages caused by the accident.

Depositions show that the deceased had been injured in a previous accident in North Dakota, and petitioner argues it would be necessary to depose and perhaps to call as witnesses the doctors who treated him there. Mrs. Thorson proposes to call a pathologist from Great Falls, who will also have to be deposed. The members of the train crew have scattered widely since the accident and only with great difficulty could they be located and deposed. Experts with knowledge of railroad trains and their operations, as well as medical experts, will have to be deposed and called by both parties. In addition, Mrs. Thorson has demanded a jury trial in this entire case and she is certainly entitled to a jury determination of the wrongful death and survival issue; Counsel estimate that it will take ten days to two weeks to try this issue separately.

Applying the guides to discretion set down in *Larsen* to the two issues involved here, we hold that the trial court abused its discretion for the following reasons: (1) the trial of

the release issue will involve little more than the few witnesses who have already been deposed and are readily available, so the convenience and economy of time to the parties and to the witnesses is substantially served by trying that issue first and separately; (2) the convenience and economy of the court will also be well served. While we recognize that the trial court can best determine its own convenience, the possible finding that the release is valid will end the matter and the trial of the complicated issue of wrongful death and survival will be avoided.

The last criterion mentioned in the *Larsen* case is whether the trying of the issues together would necessarily work prejudice against one or the other of the parties, which could not be avoided by proper instructions. State ex rel. Hereim v. District Court, supra, recently decided by this Court, dealt with the question of separate trials to avoid prejudice to one party or the other; like the *Larsen* case, it also involved insurance. Counsel for Mrs. Thorson argue strenuously that both of these cases are distinguishable by the absence of any insurance factor in this case. The prejudicial effect of an insurance policy was one, but only one, of the prejudicial matters considered in *Hereim*. The inflammatory nature of the allegations of fraud, deceit, and other reprehensible conduct in *Hereim* were not unlike the allegations challenging the validity of the release in this case. The decision in *Hereim* is clearly applicable in a matter of this nature and is not merely a rule for cases involving insurance factors.

It is readily apparent from this review of the criteria expressed in the *Larsen* case that none of them will support the trial court's denial of the motion for a separate trial.

"[W]here the trial of issues together would necessarily work prejudice against one of the parties, the very purpose of the rule permitting this Court to grant separate trials is invoked." Larsen v. Powell, 16 F.R.D. 322.

Therefore, it hereby ordered that the district court sitting in Rosebud county rescind its order of February 11, 1970, denying the defendant railroad company's motion for a separate trial of

the validity of the release and a new order granting that motion issue promptly.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL and CASTLES, concur.