JIM PRESTE, D/B/A ALPINE ADVERTISING, PLAINTIFF AND RESPONDENT, *v.* MOUNTAIN VIEW RANCHES, INC., AND MELVIN D. PALIN, DEFENDANT, COUNTER COMPLAINT AND THIRD PARTY PLAINTIFF APPELLANT, *v.* CARL PAYNE & ASSOCIATES, THIRD PARTY DEFENDANT AND RESPONDENT.

No. 14082.
Submitted on Briefs.
Sept. 21, 1978.
Decided Feb. 21, 1979.
5909 P.2d 1131.

J. Allen Bradshaw, Philipsburg, for defendant, counter-complaintant and third party plaintiff-appellant.

McKinley Anderson, Bozeman, for plaintiff and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

Defendant appeals from an order of the District Court, Gallatin County, granting the motion of third party defendant for a separate trial and continuance.

The issues on appeal are:

1. Whether the District Court abused its discretion in granting the motion of Carl Payne and Associates, the third party defendant and respondent, for separate trial and continuance?

2. Whether Carl Payne and Associates was an indispensable party within the meaning of Rule 19, M.R.Civ.P., such that judgment rendered in his absence was prejudicial to appellant?

Defendant-appellant Melvin Palin, owner of land near Drummond, Montana, desired to sell certain of his real property at a public auction. He had previously attended an auction in Boulder, Montana, conducted by Carl Payne & Associates, third party defendant and respondent. He was impressed with the way the auc-

tion had been handled and sought the services of Carl Payne & Associates to sell his Drummond property. Negotiations were entered into and an agreement was reached whereby the auction company would be paid on a commission basis from the sale.

During the negotiations, Carl Payne, the auctioneer, suggested that appellant employ a professional advertising agency to promote the sale. Appellant asked who had run the advertising campaign for the Boulder sale, and Payne informed him that it was plaintiff-respondent Jim Preste, d/b/a Alpine Advertising of Billings, Montana. Shortly thereafter, a meeting was held in Deer Lodge between Preste (the advertising man), Payne (the auctioneer), and appellant, at which details of the proposed sale and scope of the advertising campaign were discussed. Appellant at that time engaged Preste's services for advertising and gave him a check for $5000.

Upon his return to Billings, Preste (the advertising man) drew up a contract for his services. Preste signed the contract in his Billings office and give it to Payne (who was making another trip to meet with appellant about details of the sale) to deliver for appellant's signature. The contract specified that appellant was to pay Preste the sum of $33,850 in cash on or before November 9, 1978, for itemized advertising services.

The contract apparently originally included Carl Payne & Associates as a party of the second part along with appellant, which would have made the auctioneer jointly liable with appellant for the advertising expenses. After arriving in Deer Lodge on the evening before the scheduled meeting, the auctioneer noted that his company was named as a party of the second part. He telephoned Preste and explained that he had a separate agreement with appellant, was acting only as his broker, and was not undertaking to pay for the advertising expenses. Preste advised him to strike out the name of Carl Payne & Associates, which he did. On the following day, the contract was presented to appellant. He initialed the strikeouts and signed the contract.

The testimony as to what was obliterated by the strikeouts is

somewhat contradictory. On direct examination, Payne testified that "we struck ourselves out as being parties of the first part". On cross-examintaion he indicated that the strikeouts included the name of Hildegarde Palin, appellant's wife who had objected to having her name in the contract as a joint obligor. In any event, the auction was conducted as scheduled, but only a few potential buyers showed up and no sales were completed. When Preste sent appellant a bill for his advertising services some three weeks after the abortive auction, appellant refused to pay.

On November 24, 1976, Preste filed a complaint in the District Court, Gallatin County, alleging breach of contract. After a short period of discovery and several continuances, the matter came on for trial before the judge on June 2, 1977. Appellant's counsel did not appeal and upon motion of counsel for Preste, appellant agreed to stipulate to terms of settlement. Subsequently, however, appellant retained new counsel, had the stipulation set aside, and filed an amended answer, counterclaim, third party complaint, and request for jury trial.

The substance of the third party complaint and counterclaim was that third party defendant Payne (the auctioneer) had been responsible for failure of the sale because he had inadequately performed his services; that third party defendant Payne was acting as agent for Preste when he delivered the contract; that Payne had represented to appellant at the time the contract was signed that, contrary to the terms of the contract, Preste's services for advertising would be paid for out of the proceeds of the sale; and that the alleged agency between Preste and Payne made them jointly liable to appellant for losses suffered as a result of the failure of the sale. Trial of the matter was set for September 22, 1977.

On September 15, 1977, third party defendant Payne moved for a separate trial and continuance. The motion alleged that the later joinder of Payne into the case would prejudice him in terms of discovery in preparing his defense. Appellant filed an objection to the motion on the ground that the third party defendant was a necessary party. The motion was heard on September 26, 1977, and there being no oral argument the court granted the motion.

On October 18, 1977, after several more continuances at the request of both parties, trial on the original breach of contract for advertising services claim was had before a jury. Evidence was introduced by appellant attempting to establish the alleged agency between Payne and Preste and the alleged oral variation by Payne of the terms of the contract to allow for payment of the advertising expenses from proceeds of the sale rather than on the date specified in the contract. Much of this testimony came in over objection by counsel for Preste that it violated the statute of frauds. The jury returned a verdict for Preste, awarding him the entire balance due under the contract.

Notice of appeal was filed on the same day judgment was rendered. The appeal is not from the judgment itself but rather from the court's order of September 26, 1977, granting the motion of the third party defendant for a separate trial and continuance.

Regarding appellant's first issue it should be noted that appellant's brief contains only two citations: Rule 19, M.R.Civ.P., and Rule 14, M.R.Civ.P. The construction he urges of these rules is not supported by a single citation of case law. While he alleges that he was denied a fair trial due to Payne's absence, it should be noted that Payne was called as a witness and appellant had an opportunity to develop his case through cross-examination. The evidence of the alleged agency and the alleged oral variation of the payment terms was presented to the jury and rejected.

As to the first issue of the alleged abuse of discretion by the District Court, we find no error. It should be noted that Payne was brought into this lawsuit as a third party defendant approximately nine months after the case had been filed. During this nine-month period, trial had been scheduled at least three times and vacated. Because of the problems with his attorney, Palin had obtained a new attorney after the third postponement. Palin's newly acquired counsel instituted this third party proceedings against Payne who did not receive notice of the lawsuit being filed against him until August 15, 1977. This was less than a month after Payne made his initial appearance in the case and jury trial had already been set.

In view of these circumstances, it is obvious that Payne would not have had adequate time to prepare his defense. Though both Preste and Palin had months to prepare for their respective cases, Payne had not instituted nor had he had time to institute any formal discovery. Viewing the record as we must, in the eyes of the district judge at the time he made the ruling, it would have been highly prejudicial to have proceeded in this case with Payne as a third party defendant. We cannot find that the trial court acted unreasonably in severing the third party claim.

█ Under Rule 42(b), M.R.Civ.P., a court may order a separate trial of a third party claim in the furtherance of convenience or to avoid prejudice. The factors to be considered when applying Rule 42(b), are stated in *Larsen v. Powell* (D.Colo.1954), 16 F.R.D. 322, 323:

". . . convenience or economy of time relating to the parties or their witnesses; the convenience and economy of the Court; the possibility that by a determination of one issue the trial of the other issues would be avoided; the degree of repetition that might be involved in determining the issues separately or whether the issues most conveniently could be determined together; whether both issues would be determinable by a jury or whether one would be a matter solely within the cognizance of the Court; and finally, whether the trying of the issues together necessarily work prejudice against one or the other of the parties, which could not be avoided by proper instructions."

See also *State ex rel. Northern Pacific Railway Co. v. District Court* (1970), 155 Mont. 91, 467 P.2d 145.

In *State ex rel. Stenberg v. Nelson* (1971), 157 Mont. 310, 318, 486 P.2d 870, 875, this Court held that an order of severance of a medical malpractice action into three separate cases would not be an abuse of discretion where the original action involved three separate groups of defendants who acted independently, successively, and at different times and places, and whose alleged acts of ommissions were entirely dissimilar. In doing so, the Court quoted the following considerations underlying Rule 42(b):

"Ultimately the question of the separate trials should be, and is, within the discretion of the court. It must weigh whether the convenience of the parties and court, avoid prejudice, and minimize [the] expense and delay. The major consideration, of course, must be which procedure is most likely to result in a just final disposition of the litigation." Barron and Holtzoff, Federal Practice and Procedure, V. 2B, § 943, pp. 189, 190.

This Court, furthermore, has indicated that delay caused by a plaintiff may be grounds for moving for a separate trial of a third party claim under Rule 42(b). See *State ex rel. Rooks v. District Court* (1969), 153 Mont. 189, 456 P.2d 308.

Here Preste's claim against Palin had been at issue for some time and was ready for trial. Rather than delay the trial of that claim, it was proper for the trial judge in the instant case to separate the trial of the third party claim and to continue the trial of that claim. We find no abuse of discretion prejudicing Palin insofar as Preste's claims against him were concerned.

Insofar as the claim by appellant that Payne was indispensable party because he acted as an "agent" for Preste in delivering or modifying the terms of the advertising contract, the trial transcript shows that the agency contention of Palin was litigated as far as Preste's claim against Palin was concerned even though as we have noted before, the third party claim was not tried. The question before the Court is whether such a relationship would make Payne an indispensable party in Preste's breach of the advertising contract against Palin.

While this Court has not dealt directly with the above question we have considered the classification of parties under Montana Rules of Civil Procedure:

"Rule 19 is concerned with necessary and indispensable parties; Rule 20 with proper parties. The absence of an indispensable party precludes the court from proceeding with the case since the rights of such party [may] be adversely affected by [the] judgment. A necessary party is one who should be present if [the] final determination of the case is to be obtained, but who is not available. The case

may proceed if the same will not prejudice the rights of such party. A proper party falls within the scope of Rule 20. Such a person is one who should be joined if litigation is to be kept to a minimum and the rights of all persons concerned can be determined in one action." *Wheat v. Safeway Stores, Inc.* (1965), 146 Mont. 105, 112, 404 P.2d 317, 320.

While this Court has not squarely faced the question of whether an alleged agency relationship is sufficient to make one an indispensable party, it is necessary that we look to federal decisions for help in this matter. It is to be noted that the overwhelming weight of authority holds that where a principal and an agent are involved in wrongful acts, they are not necessarily indispensable parties to an action arising out of these acts. See *Wills v. Semmes, Bowen & Semmes* (E.D.Va.1977), 441 F.Supp. 1235; *Milligan v. Anderson* (10th Cir. 1975), 522 F.2d 1202; and *Townsend v. Walter Kidde & Co.* (D.C.Mass.1945), 7 F.R.D. 166. On the basis of these holdings it cannot be argued that the mere fact that Payne alleged to have been acting as an agent for Preste, whether disclosed or undisclosed, was sufficient to make him an indispensable party.

The judgment of the District Court and the order granting Payne's motion for a separate trial is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEEHY concur.