The HONORABLE HENRY LOBLE, District Judge, sitting for MR. CHIEF JUSTICE TURNAGE,
dissenting:
I respectfully dissent. The trial judge did not consider and rule upon appellant Farmers Insurance Group’s (FIG) motion for separate trial on that motion’s merits.
The trial court was under the erroneous impression that District Judge Henson, who had previously presided in the case, had denied a cross-defense motion for separate trial. The trial judge repeatedly, during the trial, recognized that he should have severed the case. For example, he said: “THE COURT: Well, I think it’s another prime example of why this case should have been severed for purposes of trial.” (Emphasis added.) And again, he said: “THE COURT: If I were over here, I’d sever this case.” (Emphasis added.) Further, he stated: “THE COURT: Well, this is just another prime example of why these cases should be severed. That old sword cuts *101 both ways.” (Emphasis added.) In his order of June 28, 1984, denying Farmers’ post-trial motions, the trial judge said:
“The irregularity of not bifurcating the trial into a contract action and a separate tort action is Farmers’ first point of contention.
“District Judge Henson in pre-trial proceedings herein ordered the contract and tort claim tried together. This Judge will not disturb Judge Henson’s order. Klaudt v. Flink, [202 Mont. 247,] 658 P.2d 1065, suggests the contract action and the tort may be tried together. While this Judge questions the wisdom of combining the claims because of very obvious problems that arise in the proof, it will not disturb Judge Henson’s order.” (Emphasis added.)
In the same order of June 28, 1984, the trial judge said:
“The exclusion of the evidence prejudiced the Cross-Defendant’s Farmers’ defense in the bad faith claim. Another reason why this cause ought to have been bifurcated.” (Emphasis added.)
Rule 42(b), M.R.Civ.P., provides as follows:
“Separate trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.”
This Court has endorsed the use of separate trials to avoid prejudice and for judicial economy. State ex rel. Northern Pacific Railway Co. v. District Court (1970), 155 Mont. 91, 467 P.2d 145; Monaco v. Cecconi (1979), 180 Mont. 111, 589 P.2d 156.
Appellant was entitled to have the trial court consider its motion for separate trial on the merits. The trial judge did not exercise his discretion at all when he failed to rule on the motion. In State ex rel. McGinnis v. District Court (Mont. 1983), [_ Mont. _,] 673 P.2d 1207, 1208, 40 St.Rep. 1858, 1859, it is said:
“The purpose of Rule 42(b), M.R.Civ.P., is to provide a broad discretion in the District Court in the handling of the trial procedures.” (Emphasis added.)
The judgment of the lower court cannot be sustained when the trial judge, under a mistake of fact, abdicated his responsibility to exercise his discretion in deciding a Rule 42(b) motion. Had he ruled on the merits of the motion he would have granted it, as he repeatedly said.
I do not agree with the majority opinion that Britton’s case was tried only in tort. Under our system of notice pleading it is not possible to determine the issues simply by examination of the pleadings *102 alone. Resort must also be had to other sources to resolve this question. In this cause it is clear that the case was prepared and tried first on the question of whether the insurance contract was breached and second as to whether bad faith was involved. The trial judge said so, as above noted, when in his order of June 28, 1984 he referred to “. . . the contract and tort claim.” (Emphasis added.) Questions No. 3 and 4 of the jury verdict read as follows:
“QUESTION NO. 3: What damages did Bill E. Britton incur as a result of the breach of the insurance contract by Farmers Insurance Group?
“QUESTION NO. 4: Did Farmers Insurance Group (Truck Insurance Exchange) breach the implied-in-law covenant of good faith and fair dealing by its conduct in handling Bill E. Britton’s claim?” (Emphasis added.)
The instructions given to the jury were replete with references to the insurance contract. The briefs of the parties show that the case was prepared and tried on a contract and tort theory. This is also true of the interrogatories and the answers thereto. In the pretrial order of May 23, 1983, it is set forth that one of cross-claimant Brit-ton’s contentions is that he “. . . is entitled to his insurance proceeds pursuant to the insurance contract with Farmers . . . .” (Emphasis added.) In a July 17, 1983 order of the trial judge’s predecessor which denied a motion for partial summary judgment, repeated references are made to the “insurance contract” and it is said: “To recover under the insurance policy, Britton has cross-claimed against Farmers Insurance Group.” In FIG’s brief filed on April 1, 1983, it is said:
“In his responsive pleading Britton has stated a cross-claim against Farmers attempting to recover under a fire insurance policy issued by Farmers for a fire which occurred in Britton’s horse arena located south of Ronan, Montana. Britton also claims damages for alleged bad faith on the part of Farmers, as well as violations of the Montana Unfair Claims Settlement Practices Act, Section 33-18-201, et seq., MCA.” (Emphasis added.)
There are many other instances shown in the record which substantiate the contract and tort theories upon which Britton’s case was prepared and tried.
Granting separate trials under these facts would not have been reversible error. The trial court had “broad discretion.” Its decision would not have been limited by the scope of the motion for separate trial by FIG.
*103 Contrary to the majority opinion, the two claims were not so “inextricably woven” together that their bifurcation would have been reversible error. The case of State ex rel. Fitzgerald v. District Court (Mont. 1985), [217 Mont. 106,] 703 P.2d 148, 42 St.Rep. 1061, cited by the majority as authority for their “inextricably woven” theory did not involve the question of separate trials for contract and bad faith claims but, rather, separate trials for liability and damages, an entirely different matter.
The trial judge relied upon an order of his predecessor judge which was never made. Thus, he failed to exercise his discretion when deciding a Rule 42(b) motion for bifurcation. The previous district judge had never ruled that the contract and tort actions should be tried together. As a consequence the trial judge did not consider this issue on its merits. He recognized that separate trials were justified but instead of granting a separate trial, mistakenly placed his reliance on a non-existing previous ruling by his predecessor district judge. I would reverse and remand the case to the lower court for separate trials in accordance with the repeatedly and emphatically expressed opinion of the trial judge that trial of the contract and bad faith claims should have been bifurcated.