No. 97-150
IN THE SUPREME COURT OF THE STATE OF MONTANA
1997


EASTERN LIVESTOCK COMPANY, INC.,

Plaintiff and Respondent,

v.

JOHN O'NEAL,

Defendant and Appellant.

_____

JOHN O'NEAL,

Third-Party Plaintiff and Appellant,

v.

WESLEY HENDRY; MARK CURRY, SR.; and
MARK CURRY, JR., d/b/a CURRY LIVESTOCK,

Third-Party Defendants and Respondents.



APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Timothy J. Whalen, Whalen & Whalen, Billings, Montana

For Respondent:

Doug James; Moulton, Bellingham, Longo & Mather;
Billings, Montana  (for Respondent Eastern Livestock Company)


Submitted on Briefs: July 23, 1997
Decided:   October 10, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

In October 1995, plaintiff and respondent Eastern Livestock Company, Inc., filed an action in the District Court for the Thirteenth Judicial District in Big Horn County against John O'Neal to recover amounts allegedly owing in connection with a cattle purchase by O'Neal. Eastern Livestock brought suit against O'Neal, alleging breach of contract and conversion. On January 9, 1997, the District Court entered judgment in favor of Eastern Livestock and against O'Neal in the amount of $18,000. It is from entry of this judgment, as well as from an order requiring separate trials in this matter, that O'Neal now appeals. For the reasons discussed below, we affirm.

We find the following issues dispositive on appeal:

1. Did the District Court abuse its discretion in bifurcating Eastern Livestock's action against O'Neal from O'Neal's third-party claims?

2. Did the District Court err in imposing sanctions, in the form of a judgment entered in Eastern Livestock's favor, against O'Neal?

FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 1995, O'Neal, a Montana rancher, sold 84 bulls, priced at $1,500 each, to Wesley Hendry, an individual engaged in the business of buying and selling cattle in the state of Mississippi. Hendry subsequently paid O'Neal only a portion of the purchase price, leaving an outstanding balance of $34,000.

In early July 1995, O'Neal contacted Hendry and asked if he could arrange for O'Neal to purchase a number of steer calves. Hendry did so, and on July 13, 1995, O'Neal purchased 142 steer calves for $42,365.28. Eastern Livestock asserts it owned the calves at the time of purchase, but notes the animals were actually located at the Curry Livestock sorting facility in Centreville, Mississippi. Hendry, who arranged for the purchase and sale of the calves, was an independent commission agent who at times sold cattle on behalf of Curry Livestock. Curry Livestock, in turn, bought and sold cattle as a broker for Eastern Livestock and, in fact, received a commission from Eastern Livestock for the sale of the calves to O'Neal.

At O'Neal's request, the calves were transported to a preconditioning yard in Sublette, Kansas. Hendry instructed O'Neal to direct payment for the calves to Eastern Livestock. Accordingly, O'Neal sent Eastern Livestock a check in the amount of $8,365.28, which amount represented the $42,365.28 purchase price less the $34,000 Hendry allegedly owed O'Neal pursuant to their prior transaction. O'Neal contends that Hendry held himself out as owner of the calves in question, and failed to disclose that he was acting as an agent or broker for either Curry Livestock or Eastern Livestock.

O'Neal therefore maintains that, because Hendry was purportedly acting on his own behalf, and because Hendry owed him roughly $34,000 from a prior sales transaction, O'Neal was entitled to offset that amount from the $42,365.28 purchase price for the calves.

Acting on Eastern's behalf, Curry Livestock and Hendry subsequently attempted to collect the unpaid balance. O'Neal failed to tender any additional payment, continuing to claim entitlement to an offset in the amount of the $34,000 debt allegedly owed him by Hendry. After attempting collection and making written demand upon O'Neal for payment, Eastern Livestock filed the present suit on October 20, 1995. By way of its complaint, Eastern Livestock alleged claims for breach of contract and conversion, and sought to recover the $34,000 which remained due, plus interest.

O'Neal was served with a copy of the summons and complaint on November 8, 1995, but failed to answer or otherwise respond. Accordingly, on December 15, 1995, the clerk of the district court entered O'Neal's default pursuant to Rule 55(a), M.R.Civ.P. On December 18, 1995, Eastern Livestock moved for entry of default judgment pursuant to Rule 55(b)(2), M.R.Civ.P. On the following day, however, O'Neal filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), M.R.Civ.P., and Eastern Livestock subsequently withdrew its motion for entry of default judgment.

Eastern Livestock initiated discovery, and on May 7, 1996, it again filed a motion for entry of default judgment or, in the alternative, for summary judgment pursuant to Rule 56, M.R.Civ.P. Two days later, O'Neal filed a motion to set aside the default entered against him on December 15, 1995. In an order dated June 5, 1996, the court granted O'Neal's motion, and granted him permission to file his answer. Accordingly, on June 7, 1996, O'Neal filed his answer and a third-party complaint against Hendry and Mark Curry, Sr., and Mark Curry, Jr., d/b/a Curry Livestock. O'Neal brought claims against Hendry for fraud and negligence, and sought to recover against the Curry defendants for conversion. O'Neal additionally alleged liability on the part of the Curry defendants for Hendry's allegedly negligent and fraudulent activities.

On June 28, 1996, the District Court denied Eastern Livestock's motion for summary judgment, citing as a basis the presence of a number of genuine issues of material fact.

By way of a June 5, 1996, scheduling order, the District Court established an October 7, 1996, trial date and mandated that the parties engage in mediation prior to the September 13, 1996, final pretrial conference. O'Neal did not cooperate with Eastern Livestock's attempts to initiate court-ordered mediation. Accordingly, on August 26, 1996, Eastern Livestock filed a motion for an order compelling O'Neal to participate in mediation. Soon thereafter, O'Neal filed a motion to vacate the trial date. In a September 16, 1996, order, the court granted Eastern Livestock's motion to compel mediation and denied O'Neal's motion to vacate the October 7, 1996, trial date.

On September 13, 1996, Eastern Livestock filed a motion pursuant to Rule 42(b), M.R.Civ.P., seeking separate trials to address its claims against O'Neal, and

O'Neal's
claims against the third-party defendants in this case. On the same day, in light of
O'Neal's continuing failure to participate in court-ordered mediation, Eastern
Livestock
additionally filed a motion for sanctions pursuant to Rule 16(f), M.R.Civ.P., asking
that
the court enter a default judgment in the amount of $18,000 against O'Neal.

The court granted Eastern Livestock's motion for separate trials in an order
dated
October 1, 1996, and granted its motion for sanctions by way of a November 29, 1996,
order. On January 9, 1997, the District Court entered judgment in Eastern
Livestock's
favor and against O'Neal in the amount of $18,000. It is from this judgment, and
from
the District Court's order granting Eastern Livestock's motion for separate trials,
that
O'Neal presently appeals.

## ISSUE 1

Did the District Court abuse its discretion in bifurcating Eastern Livestock's
action
against O'Neal from O'Neal's third-party claims?

As noted above, on September 13, 1996, Eastern Livestock filed a motion for
separate trials pursuant to Rule 42(b), M.R.Civ.P., asking that the District Court
address
its claims against O'Neal in a trial separate from that of O'Neal's third-party
claims.

With respect to separate trials, Rule 42(b), M.R.Civ.P. provides that:

> The court in furtherance of convenience or to avoid prejudice may order a
> separate trial of any claim, cross-claim, counterclaim, or third-party claim,
> or of any separate issue or of any number of claims, cross-claims,
> counterclaims, third-party claims, or issues.

Rule 42(b), M.R.Civ.P., provides broad discretion to the district court in the
handling of trial procedures. Tindall v. Konitz Contracting, Inc. (1989), 240 Mont.
345,
352, 783 P.2d 1376, 1380. Accordingly, we review a ruling under Rule 42(b),
M.R.Civ.P., for an abuse of discretion. Monaco v. Ceccioni (1979), 180 Mont. 111,
118, 589 P.2d 156, 160. See also May v. First Nat'l Pawn Brokers, Ltd. (1995), 270
Mont. 132, 134, 890 P.2d 386, 388 (recognizing that standard of review of
discretionary
trial court rulings is an abuse of discretion standard).

We have previously recognized that "[t]he District Court has discretion under
Rule 42(b), Mont.R.Civ.P., to order a separate trial of any issue or issues in the
cause
before it, in furtherance of convenience or to avoid prejudice." Monaco, 180 Mont.
at
118, 589 P.2d at 160. This Court will not set aside a district court order
establishing
separate trials pursuant to Rule 42(b) absent a clear abuse of discretion. Monaco,
180
Mont. at 118, 589 P.2d at 160.

In an order signed October 1, 1996, the District Court granted Eastern

Livestock's
motion for separate trials on the primary basis that Eastern Livestock would suffer
prejudice were its motion not granted. In addition, recognizing that O'Neal had engaged
in dilatory tactics to prevent litigation but that Eastern Livestock had diligently pursued
its claim, the court found it necessary to order separate trials in furtherance of Eastern
Livestock's convenience.

O'Neal argues the District Court abused its discretion by ordering separate trials
in this case, contending in part that Eastern Livestock failed to demonstrate it would be
prejudiced without the bifurcation. O'Neal additionally argues the issues involved in
Eastern Livestock's action against him were inextricably intertwined with the issues
involved in his claims against the third-party defendants.

In response, Eastern Livestock maintains the District Court properly bifurcated
Eastern Livestock's action from O'Neal's third-party claims to prevent unnecessary delay,
expense, and prejudice to Eastern Livestock, and to promote judicial economy. Eastern
Livestock additionally contends the District Court properly bifurcated O'Neal's case
because the court lacked personal jurisdiction over the third-party defendants, and because
O'Neal's third-party claims arose out of a separate transaction in which Eastern Livestock
had no involvement.

Following review of the record and consideration of the parties' respective
arguments, we hold the District Court did not abuse its discretion in ordering separate
trials in this case. Although O'Neal argues otherwise, the record clearly supports the
District Court's determination that to deny Eastern Livestock's motion for separate trials
would have been to cause it undue prejudice and inconvenience. For example, the record
indicates that O'Neal delayed in appearing in this case, delayed in moving to set aside the
default entered against him, delayed in filing his answer and third-party complaint, and
delayed in serving that third-party complaint upon the third-party defendants. Due to
these various delays, neither O'Neal nor the third-party defendants were prepared to
proceed with the trial scheduled for October 7, 1996.

Thus, in addressing Eastern Livestock's motion for separate trials, the District
Court recognized it could either permit Eastern Livestock to proceed against O'Neal as
scheduled on October 7, 1996, while allowing O'Neal to proceed in a subsequent trial
against the third-party defendants, or it could continue the entire case. Based on O'Neal's
dilatory behavior, and to avoid further prejudicing or inconveniencing Eastern

Livestock, the District Court granted Eastern Livestock's motion for separate trials. The court's decision to do so was not an abuse of discretion.

We have previously recognized that the primary consideration in determining the propriety of separate trials is "which procedure is most likely to result in a just final disposition of the litigation." Preste v. Mountain View Ranches, Inc. (1979), 180 Mont. 369, 375, 590 P.2d 1132, 1135 (quoting State ex rel. Stenberg v. Nelson (1971), 157 Mont. 310, 318, 486 P.2d 870, 875). In Preste, we additionally noted that delay may constitute grounds for moving for a separate trial of a third-party claim under Rule 42(b). Preste, 180 Mont. at 375, 590 P.2d at 1135. As noted above, the record in the instant case is replete with evidence of continuing dilatory tactics on O'Neal's part. We additionally note O'Neal's repeated refusal to engage in court-ordered mediation, and his unwillingness to cooperate with Eastern Livestock's attempts to initiate that mediation.

Thus, having considered the record before it, for the District Court to conclude that separate trials would best achieve a just disposition in this case was not an abuse of discretion. Although certain issues may have arisen in Eastern Livestock's action, as well as in O'Neal's third-party claims, the District Court did not err in determining that separate trials would permit O'Neal to litigate his third-party claims without causing Eastern Livestock further inconvenience or prejudice.

We note Eastern Livestock also contends the District Court properly bifurcated O'Neal's case because the court lacked personal jurisdiction over the third-party defendants. In light of our holding that the District Court did not abuse its discretion in ordering separate trials to avoid prejudice and in the furtherance of convenience, however, we need not reach Eastern Livestock's final argument.

Based on the foregoing, we hold the District Court did not abuse its discretion by deciding to bifurcate Eastern Livestock's action from O'Neal's third-party claims to prevent additional delay in the adjudication of Eastern Livestock's claims against O'Neal and to prevent Eastern Livestock from incurring unnecessary expense and suffering additional prejudice.

## ISSUE 2

Did the District Court err in imposing sanctions, in the form of a judgment entered in Eastern Livestock's favor, against O'Neal?

In light of O'Neal's repeated failure to participate in court-ordered mediation, on September 13, 1996, Eastern Livestock filed a motion for sanctions pursuant to Rule 16(f), M.R.Civ.P., asking that the court enter a default judgment against O'Neal in the amount of $18,000. The District Court granted Eastern Livestock's motion on November

29, 1996, and on January 9, 1997, entered judgment against O'Neal.

We review the District Court's imposition of sanctions in the form of a default judgment against O'Neal for an abuse of discretion. Eisenmenger by Eisenmenger v. Ethicon, Inc. (1994), 264 Mont. 393, 402, 871 P.2d 1313, 1319, cert. denied (1994), 513 U.S. 919, 115 S. Ct. 298, 130 L. Ed. 2d 211 (addressing propriety of sanctions for discovery abuses imposed pursuant to Rule 37(d), M.R.Civ.P.). See also First Bank (N.A.) - Billings v. Heidema (1986), 219 Mont. 373, 375, 711 P.2d 1384, 1386 (standard of review of sanctions imposed for discovery abuses is whether the district court abused its discretion).

Rule 16(f), M.R.Civ.P., pursuant to which the court awarded sanctions, provides as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

On appeal, O'Neal argues the District Court erred in awarding sanctions against him on the basis of his failure to participate in mediation and his repeated delays in this case. Although the court found otherwise, O'Neal first contends he did not attempt to delay the litigation of Eastern Livestock's claim against him. For example, although O'Neal did not file an answer until June 7, 1996, he argues he was prevented from doing so by the clerk's entry of default against him and by Eastern Livestock's subsequent motion for default judgment. Although the clerk of the district court entered O'Neal's default on December 15, 1995, O'Neal did not file a motion to set aside that default until Eastern Livestock filed a motion for default judgment nearly five months later. Having reviewed the record, we hold the District Court did not err in finding that O'Neal had repeatedly delayed the procedural progression of Eastern Livestock's claims against him, and did not err in relying upon O'Neal's uncooperative behavior and history of delay as partial justification for the imposition of sanctions.

O'Neal additionally argues the District Court erred in awarding sanctions against him on the basis of his failure to participate in court-ordered mediation with Eastern

Livestock. In granting Eastern Livestock's motion for sanctions, the District Court noted that O'Neal had failed to comply with three separate court orders requiring that O'Neal and Eastern Livestock mediate their dispute. The court first ordered mediation in a May 13, 1996, scheduling order, and did so again by way of a subsequent, amended scheduling order and, finally, in an order compelling mediation. O'Neal either failed to respond to or cooperate with repeated efforts by Eastern Livestock to initiate mediation.

By way of explanation, O'Neal contends he never refused to mediate, but simply stated he would only enter mediation if all of the third-party defendants were additionally present. The fact that O'Neal would have preferred to enter mediation with the third-party defendants did not entitle him to repeatedly disregard three separate court orders that he enter mediation with Eastern Livestock. Neither is this Court persuaded by O'Neal's argument that he was unable to participate in court-ordered mediation due to the obligations of his cattle business. Thus, we conclude ample evidence of record exists which supports the District Court's determination that O'Neal engaged in dilatory tactics to prevent litigation of Eastern Livestock's claims and additionally violated court orders requiring mediation in this case.

Among the sanctions authorized by Rule 16(f), M.R.Civ.P., is the entry of a default judgment against a disobedient party. See Rule 37(b)(2)(C), M.R.Civ.P. Mentioned in the text of Rule 16(f), pursuant to which the court imposed sanctions in this case, Rule 37(b)(2)(C), M.R.Civ.P. specifically authorizes sanctions in the form of "[a]n order . . . dismissing the action or any part thereof, or rending a judgment by default against the disobedient party." We have recognized that "[t]he trial judge is in the best position to know which parties callously disregard the rights of their opponents and other litigants seeking their day in court," and that "[t]he trial judge is also in the best position to determine which sanction is the most appropriate." Eisenmenger, 264 Mont. at 402-03, 871 P.2d at 1319 (citing Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 179-80, 728 P.2d 430, 431). Accordingly, the District Court was in the best position to determine which sanctions, if any, were appropriate in this case.

Based on the foregoing, we hold the District Court did not abuse its discretion in imposing sanctions against O'Neal in the form of an $18,000 default judgment on the basis of his continual delay and repeated failure to participate in court-ordered mediation.

In conclusion, we affirm the order of the District Court granting Eastern Livestock's motion for separate trials, and affirm the District Court's imposition of

sanctions, in the form of a judgment entered in Eastern Livestock's favor, against O'Neal.

/S/   JIM REGNIER


We Concur:

/S/   WILLIAM E. HUNT, SR.
/S/   KARLA M. GRAY
/S/   W. WILLIAM LEAPHART
/S/   TERRY N. TRIEWEILER